397 So.2d 712 (1981)
Robert A. PRESTON, Appellant,
v.
STATE of Florida, Appellee.
No. 80-453.
District Court of Appeal of Florida, Fifth District.
March 25, 1981.
Rehearing Denied May 5, 1981.
*713 James B. Gibson, Public Defender, James R. Wulchak, Asst. Public Defender, Chief, Appellate Div., and Thomas R. Mott, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and C. Michael Barnette, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
Appellant's request for a jury instruction on self defense was denied, and appellant claims error. He also contends that he could not be convicted of attempted criminal mischief[1] and throwing a deadly missile into an occupied vehicle[2] arising out of the same facts, because the lesser is included in the greater.[3] We affirm.
We fail to find in the record any objection to the trial court's refusal to give the requested instruction, as required by Florida Rules of Criminal Procedure, 3.390(d). When no objection is made, the issue is not preserved for appeal. Bassett v. State, 392 So.2d 1025 (Fla. 5th DCA 1981); Kelly v. State, 389 So.2d 250 (Fla. 2d DCA 1980).
Where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). The test emphasizes the elements of the two crimes: if each requires proof of a fact that the other does not, the Blockburger test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes. Iannelli v. United States, 420 U.S. 770, 785, 95 S.Ct. 1284, 1294, 43 L.Ed.2d 616 (1975). Thus, in Ziegler v. State, 385 So.2d 1168 (Fla. 1st DCA 1980), where the appellant argued that he could not be simultaneously convicted and sentenced of possession of a short-barreled shotgun and possession of a firearm by a previously convicted felon, it was held that neither offense could be considered as lesser included in the other for the purposes of section 775.021(4), since on each count the State was required to allege and prove an element not necessary for the conviction of the other count: in respect to the first count, that the shotgun was short-barreled, and in respect to the second count, that appellant was a convicted felon.
Appellant agrees with the State's position that the crime of criminal mischief requires proof of damage to property and the crime of throwing a deadly missile requires proof that the missile thrown is capable of producing death or great bodily harm, each an element not required in the other, so the crimes are not the same for double jeopardy purposes. Appellant says, however, that he was convicted only of attempted criminal mischief, so no element of damage to property is present. An attempt to commit a crime has been defined as an overt act done with the intent to commit the crime and which, except for the interference of some cause preventing the carrying out of that intent, would have resulted in the commission of the crime. Gustine v. State, 86 Fla. 24, 97 So. 207 (1923); 14 *714 Fla.Jur.2d, Criminal Law, § 44. Therefore, attempted criminal mischief involves a finding of intent, not carried out, to cause damage to property. The crimes are not the same and there is no error on this point.
Appellant having failed to demonstrate error, the judgment and sentence are AFFIRMED.
COBB and SHARP, JJ., concur.
NOTES
[1] § 806.13, Fla. Stat. (1979).
[2] § 790.19, Fla. Stat. (1979).
[3] § 775.021(4), Fla. Stat. (1979), says:

Whoever, in the course of one criminal transaction or episode, commits an act or acts constituting a violation of two or more criminal statutes, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal episode, excluding lesser included offenses. ... (emphasis added).