399 So.2d 424 (1981)
William Carl JAMES, Appellant,
v.
STATE of Florida, Appellee.
No. 80-563.
District Court of Appeal of Florida, Fifth District.
June 3, 1981.
*425 James B. Gibson, Public Defender, and Christopher S. Quarles, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Phillip D. Havens, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
James appeals from a conviction of three charges: robbery with a firearm; using a firearm while committing a felony; and grand theft. James asserts that these offenses were facets of the same criminal transaction and therefore he should not have been adjudicated and sentenced for the two lesser included offenses  using a firearm while committing a felony and grand theft. We agree.
The record shows that James used a firearm in robbing a jewelry store. He and his accomplice took jewelry worth $250,000 and cash from the store and then fled into the adjoining mall area. The owner of the store pursued him, and James turned and fired a single shot in the owner's direction. The police captured James in the mall parking lot.
Under these circumstances the offenses of grand theft and using a firearm while committing a felony were lesser offenses included in the offense of armed robbery. See Brown v. State, 206 So.2d 377 (Fla. 1968). Accordingly, the judgments for grand theft and using a firearm while committing a felony are reversed and the corresponding sentences are vacated. State v. Pinder, 375 So.2d 836 (Fla. 1979); Muszynski v. State, 392 So.2d 63 (Fla. 5th DCA 1981); Walker v. State, 386 So.2d 630 (Fla. 5th DCA 1980).
REVERSED in part.
ORFINGER and COBB, JJ., concur.