404 So.2d 369 (1981)
Freddie Lee JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 80-818.
District Court of Appeal of Florida, Fifth District.
July 15, 1981.
Rehearing Denied October 7, 1981.
*370 James B. Gibson, Public Defender, and Christopher S. Quarles, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Edwin H. Duff, III, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Chief Judge.
This is an appeal from a judgment in a burglary and assault case.
The issue on appeal is whether a conviction for burglary under section 810.02(2)(a), Florida Statutes (1979), precludes the conviction for the necessarily included assault. That statute defines burglary of the highest degree as being a burglary which includes an assault upon a person; it subjects the perpetrator to a term of years not exceeding life imprisonment.
The facts of the case are that the appellant entered a college women's dormitory, and various occupied rooms and assaulted various female residents including grabbing one and attempting to sexually assault another.
The state charged him in four counts. One, burglary of a dwelling with intent to commit assault, battery or sexual battery on K.G. Two, burglary of a dwelling with intent to commit an assault, battery or sexual battery "and did make an assault upon P.B... . ." Three, attempted sexual battery upon P.B. (the same person as count two). Four, battery on D.D.
We are primarily concerned with counts two and three because the same facts which proved count three also helped prove count two. The assault mentioned in count three is the assault mentioned in count two  the facts at trial established that.
It was error for the trial court to convict the appellant of the crime of attempted sexual battery because that crime was the same assault used to prove the highest form of burglary. Without the proof of the lesser attempted sexual battery the appellant could not have been convicted of anything greater than burglary of a dwelling (or burglary of an occupied structure) which is a fifteen year felony. McRea v. State, 383 So.2d 289 (Fla. 2d DCA 1980). See also State v. Pinder, 375 So.2d 836 (Fla. 1979).
We do note, however, that had the state merely pleaded the case properly both convictions would have stood. The state could have pleaded one count as the burglary with assault on D.D. because after he entered the structure of the dormitory he encountered D.D. in the hallway and grabbed her. Then the state could have charged the attempted sexual battery upon P.B.
The conviction of attempted sexual battery is
REVERSED.
ORFINGER and FRANK D. UPCHURCH, Jr., JJ., concur.