401 So.2d 890 (1981)
Nathaniel BARTEE, Appellant,
v.
STATE of Florida, Appellee.
No. 80-1150.
District Court of Appeal of Florida, Fifth District.
July 22, 1981.
*891 James B. Gibson, Public Defender, and Michael S. Becker, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, Edward M. Chew and Edwin H. Duff, III, Asst. Attys. Gen., Daytona Beach, for appellee.
COWART, Judge.
Stopped by a police officer while driving a motor vehicle, appellant gave the officer a driver's license. The officer issued a uniform traffic citation[1] charging appellant *892 with "unlawful use of license," a violation of section 322.32, Florida Statutes (1979). Section 322.32 defines a statutory misdemeanor offense entitled "unlawful use of license," and describes many prohibited acts including:
(1) To display, cause or permit to be displayed, or have in his possession, any cancelled, revoked, suspended, fictitious or fraudulently altered operator's or chauffeur's license.

* * * * * *
(3) To display, or represent as one's own, any operator's or chauffeur's license not issued to him.
Appellant pled nolo contendere to that misdemeanor charge in the county court and was adjudicated guilty and sentenced to ten days in jail.
Thereafter, based on the same event upon which the misdemeanor charge was based, the State filed an information in the circuit court charging appellant with the felony violation of section 322.212, Florida Statutes (1979), by knowingly having in his possession a blank, forged, stolen, fictitious, counterfeit or unlawfully issued operator's license. Citing London v. State, 347 So.2d 639 (Fla. 4th DCA 1977),[2] the trial court denied appellant's motion under Florida Rule of Criminal Procedure 3.190(b) to dismiss the information on double jeopardy grounds. We reverse.
Article I, Section 9, of the Constitution of the State of Florida, provides that "no person shall ... be twice put in jeopardy for the same offense... ."[3]
Most problems under this constitutional provision relate to if, when, how and why "jeopardy" attaches; some involve the word "twice"; others, as here, involve the meaning of "same offense." These latter words may raise two basic questions: (1) whether a particular factual circumstance constitutes one or two separate and distinct factual events (an identity of acts); (2) whether certain statutory crimes, in form or in substance, constitute the "same offense" or constitute two separate and distinct offenses. Time, space and transactional aspects of factual events may raise questions as to whether or not, as a factual matter, one or two separate and distinct acts are involved. Such questions may inhere in the facts themselves[4] or in the description of the facts as alleged in a charging document.[5] There is no such factual problem in *893 this case because we are concerned only with a single factual event, being the one time on March 25, 1980, when appellant gave (or displayed) a driver's license to one police officer.
The double jeopardy problem in this case involves the legal question of what is in law a separate and distinct legal offense. This question most frequently relates to the legal relationship between greater and lesser included offenses, however here the question is the relationship between two separate statutory offenses. When a single statutory offense describes multiple alternative acts, each of which is prohibited, each separate prohibited act does not constitute a separate offense for double jeopardy purposes since there is but one statutory offense. Therefore a charge that an accused has violated a specific criminal statute results in jeopardy as to all alternative acts that could have been alleged and proved to have constituted a violation of the statute although the accusatorial pleading described but one of many alternative factual events proscribed in the one statute. Thus if one is tried for aggravated battery by committing a battery with a deadly weapon, § 784.045(1)(b), Fla. Stat. (1979), and is convicted or acquitted, he cannot thereafter be tried as to the same factual event for aggravated battery by committing a battery causing great bodily harm. § 784.045(1)(a), Fla. Stat. (1979). The alternative prohibited factual events set forth as subsections or alternatives in one criminal statute, constitute but one offense for which an accused cannot be twice placed in jeopardy because the legislature has chosen as a matter of form to make several distinguishable acts violative of but one statutory offense.[6] Conversely, if two separate statutory offenses proscribe acts which are in law the same because they have the same essential constituent factual elements, an accused cannot be placed in jeopardy for a violation of both such statutes because in substance they constitute a single offense  the "same offense"  for which one cannot be placed twice in jeopardy.
By the first misdemeanor charge under section 322.32, Florida Statutes, petitioner was placed in jeopardy of conviction and punishment for an offense which could have been established by proof that petitioner displayed or possessed a fictitious operator's license. Therefore he cannot again be placed in jeopardy of conviction for an offense under section 322.212, Florida Statutes for knowingly[7] having in his possession a fictitious operator's license. Accordingly, because a single set of facts, i.e., the knowing possession of a fictitious operator's license, is sufficient to violate both section 322.32 and section 322.212, Florida Statutes, a person once put in jeopardy of a violation of either statutory offense cannot also be placed in jeopardy of conviction or punishment for the other statutory offense based on the same factual event. Therefore, appellant's conviction and sentence for violation of section 322.212, Florida Statutes, is
REVERSED.
COBB and SHARP, JJ., concur.
NOTES
[1] A notice to appear under Florida Rule of Criminal Procedure 3.125 or a uniform traffic citation under section 316.650, Florida Statutes (1979) (see Fla.R.Crim.P. 3.125(i)) which, as in this case, essentially charges only that an accused violated a state statute or municipal ordinance described by name or title of the offense and the section number is barely sufficient, if at all, as a charging document. See Florio v. State, 192 So.2d 289 (Fla.3d DCA 1966). Such a charging document should be subject to a motion for a statement of particulars, Fla.R. Crim.P. 3.140(n), or a motion to dismiss, Fla.R. Crim.P. 3.190(b), such as for double jeopardy, Fla.R.Crim.P. 3.190(c)(2), or because the charging document exposes the accused after conviction or acquittal to substantial danger of a new prosecution for the same offense. Fla.R. Crim.P. 3.140(o). Florida Rule of Criminal Procedure 3.140(n) should apply to such minimal charging documents although references to trial by affidavit was deleted by the 1972 amendment to the Florida Rules of Criminal Procedure (see 272 So.2d 65 at 88-89) immediately before the criminal rules were amended to authorize prosecutions in county courts for violation of municipal ordinances by affidavit or docket entry (see 272 So.2d 513 at 514) and before the adoption in 1973 of Florida Rule of Criminal Procedure 3.125. Florida Rule of Criminal Procedure 3.140(n) and certain other rules (particularly including Florida Rule of Criminal Procedure 3.220 relating to discovery) should be amended to expressly also relate to prosecutions on less formal charging documents upon which one can now be charged under Florida Rule of Criminal Procedure 3.140(a)(2). However, failure of an accused to attack a prior charging document, or to narrow the scope of its jeopardy, does not constitute a waiver of the right to urge constitutional limitations as to a subsequent charge for the same offense.
[2] London took contraband into a prison and was charged with possession of the contraband under one statute, § 893.13, Fla. Stat. (1975), and with its introduction into a correctional facility under another statute, § 944.47, Fla. Stat. (1975). While there, as here, two different statutes were involved, each statute there contained an element not contained in the other. One can "introduce" contraband into a facility without being in possession of the contraband such as when the accused, himself a prisoner, arranges for a second person, outside, to send the contraband to a third person in prison. Cf. Portee v. State, 392 So.2d 314 (Fla.2d DCA 1980) (accused can be convicted for both possession and sale of marijuana).
[3] The fifth amendment to the Constitution of the United States contains a similar provision that no person shall be subject for the same offense to be twice put in jeopardy of life or limb. However, some justices on the U.S. Supreme Court believe that court's opinions relating to double jeopardy are confusing and inconsistent because of shifts in assumptions and emphasis and split opinions. See Whalen v. U.S., 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980), and the dissent therein.
[4] E.g., whether multiple factual events, such as repeated blows or knife stabbings, constitute separate offenses or but one offense in the aggregate, may depend on whether they are different in quality or are sufficiently separated by time or place to be different factual events and therefore "separate and distinct" offenses in fact. See, e.g., Johnson v. State, 366 So.2d 418 (Fla. 1978); Walker v. State, 386 So.2d 630 (Fla. 5th DCA 1980); Bass v. State, 380 So.2d 1181 (Fla. 5th DCA 1980); Hearns v. State, 378 So.2d 70 (Fla.3d DCA 1979). As to whether the taking at one time of multiple objects owned by various persons constitutes a single larceny offense or multiple offenses, see Hearn v. State, 55 So.2d 559 (Fla. 1951).
[5] This appears to be the concern of Florida Rule of Criminal Procedure 3.140(o) which provides for dismissal of a count of an indictment or information that is so vague, indistinct and indefinite as to expose the accused after conviction or acquittal to substantial danger of a new prosecution for the same offense.
[6] If set forth in separate statutes, so as to be separate "offenses," many of the alternative prohibited factual events in many statutes (such as the aggravated battery statute, § 784.045(1), Fla. Stat. (1979)) would require proof of a fact not necessary to proof of some other prohibited factual event and therefore each statute would be sufficiently distinguishable from the other as to constitutionally permit separate and multiple punishment under the test set forth in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
[7] Although section 322.32, Florida Statutes, does not expressly require that the prohibited possession be "knowingly," nevertheless, since the criminal law does not punish for innocent possession and absolute or strict liability is not applied in criminal law, scienter or guilty knowledge is an understood and essential element of any such criminal possession offense. Knowingly refers only to the state of mind of an accused and means only the possession, actually or imported, of information concerning certain facts and does not require a specific intent to violate the law.