448 So.2d 5 (1984)
Judy A. HEDGES, Appellant,
v.
STATE of Florida, Appellee.
No. 82-1553.
District Court of Appeal of Florida, Fifth District.
February 2, 1984.
James B. Gibson, Public Defender, and Larry B. Henderson, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Richard W. Prospect, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
AFFIRMED.
ORFINGER, C.J., and FRANK D. UPCHURCH, Jr., J., concur.
COWART, J., concurs specially with opinion.
COWART, Judge, concurring specially:
Appellant, Judy Hedges, not having a license, sold alcoholic beverages to an undercover agent and was duly convicted and punished for selling alcoholic beverages without a license, a misdemeanor violation of section 562.12, Florida Statutes (1981). It being discovered that the alcoholic beverages had been previously stolen, appellant was also charged with trafficking in stolen property, a felony under section 812.019, Florida Statutes (1981). This appeal is from a plea of nolo contendere to the felony charge reserving the right to appeal the denial of a motion to dismiss on the ground of former jeopardy. Essentially appellant's argument is that because the sale transaction and the alcoholic beverages involved in the misdemeanor charge and conviction is the same property and the same transaction involved in the felony charge, both charges are but facets of one criminal transaction or episode and double jeopardy prohibits appellant's conviction of both offenses. The answer to this argument is that the single transaction rule was abolished by section 775.021(4), Florida Statutes, and, in any event, the aspects of that rule never provided a correct analysis for double jeopardy purposes. A substantive analysis of the statutes and charges involved, which is the correct theory, reveals that because the misdemeanor charge required at least three essential constituent elements ((1) alcoholic beverages, (2) a sale and (3) the absence of a license) not required by the felony offense and because the felony offense had at least two essential constituent elements ((1) stolen property and (2) knowledge, actual or constructive, of the stolen character of the stolen property) not required of the misdemeanor offense, these two statutory offenses are substantively different and can never be "the same offense" within the meaning of the constitutional double jeopardy prohibition. Accordingly, it is legally immaterial that each offense may contain one or more substantive elements in common (i.e., that a sale is, substantively, the same as trafficking, or that alcoholic beverages is, substantively speaking, property); a person can be constitutionally charged, tried, convicted and punished for a violation of both statutory offenses although the two criminal charges are based on one set of interrelated facts and circumstances (a single criminal transaction or episode) and the allegations and proof of facts overlap, such as when the sale required by the misdemeanor charge is also alleged or offered in proof as the act of trafficking in the felony charge and the alcoholic beverages in the misdemeanor charge is the same property which constitutes the stolen property in the felony charge. Intrinsically, the two offenses *6 are substantively different.[1] This case is different from most identity of offense-double jeopardy cases because it does involve successive prosecutions (former jeopardy) rather than two prosecutions in a single trial setting. However, this distinction is without meaning except under the rationale of some federal cases, such as those cited in the majority opinion in Rodriquez v. State, 443 So.2d 236 (Fla. 5th DCA 1983).
NOTES
[1] Because the proper rationale for the disposition of this case is in accord with the rationale and result in Borges v. State, 415 So.2d 1265 (Fla. 1982), Monarca v. State, 412 So.2d 443 (Fla. 5th DCA 1982), Bartee v. State, 401 So.2d 890 (Fla. 5th DCA 1981), and Preston v. State, 397 So.2d 712 (Fla. 5th DCA 1981), it is necessarily in direct conflict with O'Hara v. State, 448 So.2d 524 (Fla. 5th DCA 1984); Rodriquez v. State, 443 So.2d 236 (Fla. 5th DCA 1983); Baker v. State, 431 So.2d 263 (Fla. 5th DCA 1983), rev. granted, No. 63,807 (State v. Baker); Baker v. State, 425 So.2d 36 (Fla. 5th DCA 1982), rev. granted, Nos. 63,135 (Baker v. State) and 63,269 (State v. Baker); Stone v. State, 402 So.2d 1222 (Fla. 5th DCA 1981); James v. State, 399 So.2d 424 (Fla. 5th DCA 1981). All related and relevant cases are cited in O'Hara. See also Madry and Banks v. State, 448 So.2d 8 (Fla. 5th DCA 1984).