448 So.2d 8 (1984)
Jacqueline Austion MADRY and Debra Ann Banks, Appellants,
v.
STATE of Florida, Appellee.
Nos. 82-1290, 82-1291.
District Court of Appeal of Florida, Fifth District.
March 1, 1984.
James B. Gibson, Public Defender, and David A. Henson, Asst. Public Defender, Daytona Beach, for appellants.
Jim Smith, Atty. Gen., Tallahassee, and Richard B. Martell, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
AFFIRMED.
ORFINGER, C.J., and FRANK D. UPCHURCH, Jr., J., concur.
COWART, J., concurs specially with opinion.
COWART, Judge, concurring specially:
Appellants, Madry and Banks, entered a victim's hotel room and took property from him by threatening him with a knife. On these facts appellants claim double jeopardy prohibits their conviction for the two offenses of armed burglary (§ 810.02(2)(b), Fla. Stat. (1981)) and armed robbery (§ 812.13(2)(a), Fla. Stat. (1981)). Appellants' argument is that because the knife alleged to be the "dangerous weapon" in the armed burglary charge is the same knife alleged to be the "deadly weapon" in the robbery charge, both offenses are but facets of the same criminal transaction or episode. Therefore, appellants argue, the armed burglary offense is a Brown v. State, 206 So.2d 377 (Fla. 1968), category four lesser included offense of the greater armed robbery offense and was absorbed by, and became an element of, the armed robbery offense, and the conviction and sentence for the armed burglary offense should be vacated, citing Mahaun v. State, 377 So.2d 1158 (Fla. 1979). Appellants argue, further, that since the greater crime of robbery with a deadly weapon could not be proved without also proving the lesser crime of armed burglary, the conviction for armed burglary must be considered a lesser included offense of the armed robbery and the conviction for armed burglary reversed, citing State v. Hegstrom, 401 So.2d 1343 (Fla. 1981). This is the same argument that has often been accepted by this court. However, it is essentially a double jeopardy analysis based on the single transaction rule, which rule was abolished by section 775.021(4), Florida Statutes. Under the correct theory, utilizing a substantive analysis of the statutes and charges involved, it is quickly apparent that because armed burglary has at least three essential constituent elements ((1) an entry, (2) a structure or conveyance, (3) a specific intent to commit an offense in the structure or conveyance) not required by the offense of armed robbery and because armed robbery has at least four essential constituent elements ((1) a taking, of (2) personal property, from (3) the actual possession or custody of another, by (4) force, violence, assault or fear) not required by the offense of armed burglary, these two statutory offenses are substantively different and can never be "the same offense" within the meaning of the constitutional double jeopardy prohibition. Accordingly, it is legally immaterial that each offense may contain one or more substantive elements in common (i.e., a "dangerous" (burglary) or a "deadly" (robbery) weapon), a person can be constitutionally charged, tried, convicted and punished for violation of both statutory offenses although the two criminal charges are based on a single set of interrelated facts and circumstances and the allegations and proof of facts overlap, as when the "dangerous" weapon with which the burglar is armed (§ 810.02(2)(b), Fla. Stat.) is also the "deadly" weapon that is carried (§ 812.13(2)(a), Fla. Stat.) by the burglar when he commits a robbery. Likewise it is legally immaterial that the *9 charged armed robbery may have been the object of the specific intent in the armed burglary or that the burglary may have been only a necessary incident of the main motive or objective or intent of the defendant to commit the armed robbery or that but for burglary the robbery would not, or could not, have occurred. Intrinsically, the two offenses are substantively different.[1]
NOTES
[1] Because the proper rationale for the disposition of this case is in accord with the rationale and result in Borges v. State, 415 So.2d 1265 (Fla. 1982); Monarca v. State, 412 So.2d 443 (Fla. 5th DCA 1982); Bartee v. State, 401 So.2d 890 (Fla. 5th DCA 1981), and Preston v. State, 397 So.2d 712 (Fla. 5th DCA 1981), it is necessarily in direct conflict with O'Hara v. State, 448 So.2d 524 (Fla. 5th DCA 1984); Rodriquez v. State, 443 So.2d 236 (Fla. 5th DCA 1983); Baker v. State, 431 So.2d 263 (Fla. 5th DCA 1983), rev. granted, No. 63,807 (State v. Baker); Baker v. State, 425 So.2d 36 (Fla. 5th DCA 1982), rev. granted, Nos. 63,135 (Baker v. State) and 63,269 (State v. Baker); Stone v. State, 402 So.2d 1222 (Fla. 5th DCA 1981); James v. State, 399 So.2d 424 (Fla. 5th DCA 1981). All related and relevant cases are cited in O'Hara. See also Hedges v. State, 448 So.2d 5 (Fla. 5th DCA 1984).