448 So.2d 524 (1984)
Tom Alex O'HARA, Appellant,
v.
STATE of Florida, Appellee.
Nos. 81-894, 82-1248.
District Court of Appeal of Florida, Fifth District.
March 1, 1984.
Rehearings Denied March 30, 1984.
James B. Gibson, Public Defender, and David A. Henson, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Mark C. Menser, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Judge.
This is an appeal from convictions for grand theft and extortion. It was alleged and proved that appellant threatened to have his victim arrested if she did not pay him money. Thus the extortion conviction. It was also alleged and proved that appellant took money from the same victim. Thus the theft conviction. It was the same money which was extorted from the victim which was stolen from her. The proof at trial was that by virtue of the extortion, the theft occurred. The two were intrinsically connected. But for the extortion there would have been no money taken  that was the method by which it was taken. Only one conviction should have resulted. See Bell v. State, 437 So.2d 1057 (Fla. 1983).
One cannot be convicted of two crimes for the taking of only one sum of money, be it through an extortion method as here, or a robbery method as in Rodriquez v. State, 443 So.2d 236 (Fla. 5th DCA 1983). *525 In Rodriquez it is said "It is elementary that, once convicted of petit theft for stealing money, a defendant cannot again be convicted of grand theft and sentenced twice where there has been only one conversion of a single sum of money." The same logic which was applied in Rodriquez, which was a robbery and grand theft case, should apply here  extortion and grand theft. By way of illustration we would say the same logic would also apply if a person stole a motor vehicle and was charged with grand theft of a motor vehicle under Section 812.014(2)(b)4, Florida Statutes (1981); he could not also be convicted of grand theft under Section 812.014(2)(b)1, Florida Statutes (1981). By way of further illustration the same reasoning could apply if one stole a will, codicil or other testamentary instrument;[1] a cow;[2] a horse[2] or a fire extinguisher.[3] If a person steals two hundred dollar bills from one owner in one taking he cannot be convicted of two hundred separate petit larceny charges; or one grand larceny and any number of petit larcenies.
When a person commits an act which constitutes two separate crimes such as armed robbery and possession of a firearm by a convicted felon then it is clear the legislature has meant for the two convictions. But when the legislature has proscribed the taking of money by extortion and the taking of money by theft it is obviously meant to punish for the taking. The crime for which the accused can be convicted depends upon how the taking occurred.
In Bartee v. State, 401 So.2d 890 (Fla. 5th DCA 1981), this court recognized that alternative or disjunctive provisions of separate criminal statutes must be considered in deciding double jeopardy problems, when it said:
When a single statutory offense describes multiple alternative acts, each of which is prohibited, each separate prohibited act does not constitute a separate offense for double jeopardy purposes since there is but one statutory offense. Therefore a charge that an accused has violated a specific criminal statute results in jeopardy as to all alternative acts that could have been alleged and proven to have constituted a violation of the statute although the accusatorial pleading described but one of many alternative factual events proscribed in the one statute. Thus if one is tried for aggravated battery by committing a battery with a deadly weapon, § 784.045(1)(b), Fla. Stat. (1979), and is convicted or acquitted, he cannot thereafter be tried as to the same factual event for aggravated battery by committing a battery causing great bodily harm. § 784.045(1)(a), Fla. Stat. (1979). The alternative prohibited factual events set forth as subsections or alternatives in one criminal statute, constitute but one offense for which an accused cannot be twice placed in jeopardy because the legislature has chosen as a matter of form to make several distinguishable acts violative of but one statutory offense. Conversely, if two separate statutory offenses proscribe acts which are in law the same because they have the same essential constituent factual elements, an accused cannot be placed in jeopardy for a violation of both such statutes because in substance they constitute a single offense  the "same offense"  for which one cannot be placed twice in jeopardy.
Id. at 893.
With this in mind, clearly only one offense was charged here. Section 812.014, Florida Statutes (1981), says that a person is guilty of theft if he knowingly obtains or uses, or endeavors to obtain or use, the property of another with intent:
(a) To deprive the other person of a right to the property or a benefit therefrom.

*526 (b) To appropriate the property to his own or to the use of any person not entitled thereto.
Under the alternative provisions of Section 836.05, Florida Statutes (1981), one commits the crime of extortion by maliciously threatening to do certain acts with the intent to extort money from the victim. Although extortion is also committed in other alternative ways, taking or attempting to take the money of another by means of threats, etc., is extortion, and in proving the crime of extortion by this alternative method, the crime of theft of the money has also been proved; i.e., obtaining or attempting to obtain the property (money) of another with intent to deprive such other person of said money. For the reasons stated in Rodriquez v. State, 443 So.2d 236 (Fla. 5th DCA 1983), the mere fact that the amount taken is greater than $100 does not, by itself, convert the one crime to two.
The theft conviction is reversed, the extortion conviction is affirmed.
AFFIRMED in part; REVERSED in part.
ORFINGER, C.J., concurs.
COWART, J., dissents with opinion.
COWART, Judge, dissenting:
O'Hara was convicted of violating two criminal statutes, extortion (§ 836.05, Fla. Stat. (1981)) and grand theft (§ 812.014(2)(b)1., Fla. Stat. (1981)) based on connected and interrelated facts extending over a two day period and involving many persons and elemental factual events occurring in what is usually called a single criminal transaction or episode. This appeal presents a double jeopardy "identity of offense" problem of whether double jeopardy prohibits the prosecution and conviction as to both offenses because they are, in substance and effect, "the same offense". The correct legal solution to this recurring problem is to make a proper substantive analysis and comparison of the essential constituent elements of the two statutory offenses, and, if (and only if) the two statutory offenses are thereby found to be "the same offense," then to make a proper substantive analysis and comparison of the alleged factual basis for each of the two charges to determine if the two substantively "same" offenses are based on the same factual event. This is done in order to determine whether in constitutional contemplation the statutory offenses are substantively "different" in law or whether the alleged factual events upon which the two charges are based are substantively "different" in fact, in either of which instances both convictions can stand, or whether the two charges are, substantively "the same offense" in law and fact, in which event double jeopardy bars trial and conviction for both offenses. This theory of substantive analysis has been approved and applied by the Florida Supreme Court in cases where the two charges in question were found to be substantively different[1] and also where they were found to be substantively the same.[2] This court has been very reluctant to openly[3] embrace this theory of analysis and accordingly, its cases are inconsistent in rationale and result. Some decisions have been made on aspects of the single transaction rule analysis, such as examining the whole criminal episode for "facets" of factual commonality[4] or penalty distinctions[5] but other decisions have been made by use of the theory of substantive analysis.[6] When these alternative *527 theories began to collide[7] substantive analysis was rejected by all members of this court but one, as the proper theory for solution of double jeopardy[8] and due process[9] problems. Except for its one use to recognize a lesser included offense,[10] since the Florida Supreme Court disapproved use of single transaction analysis and approved substantive analysis in a double jeopardy case from this court[11] this court has only covertly flirted with the theory of substantive analysis[12] and has adamantly refused to openly recognize or adopt it, preferring any other theory.[13] The latest case, Rodriquez v. State, 443 So.2d 236 (Fla. 5th DCA 1983), for rationale, purports to follow federal cases rationalizing results based on "the intent of the legislature." However, as was explained in the dissent in Rodriquez, legislative intent is not the key to constitutional construction and if this constitutional problem is not solved by a correct substantive analysis of the statutes and charges involved, whatever other ratio decidendi is claimed, the underlying method is always to quote from other cases and to not analyze and compare the elements of the two statutory offenses involved but, instead, to make a single transaction analysis by searching for a factual commonality. That method, in effect, equates double jeopardy with a finding that each of two prosecutions is based on some one or more of the same facts and to find that, for that reason, only one conviction should result. It is ironic that the majority in this case, and in Rodriquez, disdainfully ignores the substantive analysis rationale of Borges and Bell, declines to even discuss Borges, which is the controlling precedent in Rodriquez and in this case, and cites Bell only because the result in Bell, reached by substantive analysis, is the same result the majority reaches by refusing to make a substantive analysis of the statutory offenses involved. Borges and Bell are not just precedent for the opposite results reached in each case but are good examples of how the one correct theory of substantive analysis, correctly applied, will properly lead to different results when the compared statutes and charges are substantively different, as in Borges, than when they are substantively "the same offense", as in Bell. To do otherwise is to use whatever rationalization is desired to reach whatever result is desired and then, if two convictions are not desired, to cite Bell,[14] or if two convictions are desired, to cite Borges. To do this is not to follow those cases.
A substantive analysis in this case is relatively simple: since extortion has at least four essential constituent elements ((1) a communication, (2) a threat [to accuse, to injure, to expose or to impute], (3) with malice, and (4) with a specific intent to extort an advantage or compel action or non-action) not required by the offense of grand theft and grand theft has at least four essential constituent elements ((1) an obtaining or using, of (2) property, of (3) certain value or character, with (4) a specific intent to deprive) not required by the offense of extortion, these two statutory offenses are substantively very different and can never be "the same offense" within *528 in the meaning of the constitutional double jeopardy prohibition. Accordingly, notwithstanding that each offense may in a given case contain similar common factual elements (i.e., an endeavor to wrongfully obtain the property of another), a person can be constitutionally charged, tried, convicted and punished for violations of both statutory offenses although the two criminal charges are based on a single set of interrelated facts and circumstances and the proof and allegation of facts as to common elements overlap, as when property of the value or character required for grand larceny is actually obtained (taken) from a victim by a communicated malicious threat with the wrongful intent required by both offenses. Extortion under section 836.05, Florida Statutes, does not require a taking, obtaining or using of property. Except only as to its effect under the old abrogated single transaction rule (or under procedural rules adopted to implement it), it is legally immaterial that a taking constituting a grand theft (or grand larceny) was accomplished by also committing the separate and substantively different crime of robbery or extortion just as it is legally immaterial that a grand larceny is accomplished by also committing the separate and substantively discrete offense of burglary. A defendant can be convicted for being both a burglar and a thief (a robber and a grand thief or an extortionist and a thief) notwithstanding that the two charges are factually "intrinsically connected" and but for the burglary (the fear, force or threat) the theft could not, or would not, have occurred.
O'Hara was not "convicted of two crimes for the taking of only one sum of money." He was convicted of two crimes, but only one (grand theft) was for the taking (obtaining) of money. The other crime (extortion) only involved the wrongful intent to obtain money in that the unlawful obtaining of money was the objective of the wrongful specific intent that was an element of the extortion charge in the very same way that an unlawful obtaining of money may be the objective of the wrongful specific intent that is an element of a burglary charge when the specific intent in the burglary is to commit the felony of grand theft within the burglarized structure. O'Hara was convicted of extortion for maliciously communicating a threat with the specific intent to accomplish the wrongful obtaining of money.
The majority opinion states that by the extortion statute (§ 836.05, Fla. Stat.) "the legislature has proscribed the taking of money by extortion." The extortion statute does not proscribe "the taking of money." It proscribes a malicious threat to accuse, to injure, to expose or to impute, made "with intent thereby to extort money or any pecuniary advantage whatsoever." The actual taking of money is not thereby made an element of statutory extortion. When a threat is made with the requisite malice and specific intent the crime of extortion occurs and is complete whether or not any money is taken. Therefore, contrary to the assertion in the majority opinion, the extortion statute was obviously not meant to punish for the taking. Furthermore, the intent of the legislature is not controlling as to whether any two statutory offenses are, or are not, "the same offense" for constitutional double jeopardy and due process purposes. The legislature cannot, constitutionally, intend for a person to be convicted twice for what is substantively "the same offense" and, while the legislature could intend for a person to be punished but once when convicted of two different offenses it has evinced a contrary intent by the enactment of section 775.021(4), Florida Statutes (1983). Moreover, if the intent of the legislature was relevant as to whether or not two particular statutory offenses proscribed the exact same criminal conduct that legislative intent would not be surmised or divined but would be determined by comparing the elements of the two offenses for substantive difference. There is no reason to believe the legislature intended the extortion statute in chapter 836, Florida Statutes, to prohibit the same conduct prohibited by the theft statute in Chapter 812 in view of the fact *529 that each statute has elements the other statute does not.
While both the offense of statutory grand theft (§ 812.014, Fla. Stat.) and the offense of statutory extortion (§ 836.05, Fla. Stat.) have alternative or disjunctive elements, the potential double jeopardy consequences of that fact, discussed in Bartee v. State, 401 So.2d 890 (Fla. 5th DCA 1981), and cited in the majority opinion, have no application in this case. The specific intent element of each of these two offenses is, perhaps, somewhat similar. However, the specific element in extortion to extort or wrongfully compel action or inaction appears to be substantively different from the specific intent element in theft to deprive one of the use of property. Even if this one intent element was the same and common to both offenses it would not make the two offenses substantively "the same offense" because, as explained in the dissent in Rodriquez, one difference in law or fact makes a substantive difference between two statutory offenses or two criminal charges, but innumerable common elements in two statutory offenses or innumerable common facts supporting two criminal charges do not make the two statutory offenses or the two criminal charges substantively "the same offense" for double jeopardy or due process purposes.
The rationale and result in the majority opinion, while consistent with other cases from this court,[15] is, in rationale and result, in direct conflict with Borges v. State, 415 So.2d 1265 (Fla. 1982); Taylor v. State, 138 Fla. 762, 190 So. 262 (1939); Monarca v. State, 412 So.2d 443 (Fla. 5th DCA 1982); Preston v. State, 397 So.2d 712 (Fla. 5th DCA 1981). See also Madry and Banks v. State, 448 So.2d 8 (Fla. 5th DCA 1984) and Hedges v. State, 448 So.2d 5 (Fla. 5th DCA 1984). Also see § 775.021(4), Fla. Stat. (1981).
NOTES
[1] § 812.014(2)(b)2, Fla. Stat. (1981).
[2] § 812.014(2)(b)5, Fla. Stat. (1981).
[3] § 812.014(2)(b)6, Fla. Stat. (1981).
[1] Borges v. State, 415 So.2d 1265 (Fla. 1982).
[2] Bell v. State, 437 So.2d 1057 (Fla. 1983).
[3] See Giddings v. State, 442 So.2d 336 (Fla. 5th 1983); Madry and Banks v. State, 448 So.2d 8 (Fla. 5th DCA 1984); Hedges v. State, 448 So.2d 5 (Fla. 5th DCA 1984).
[4] See, e.g., Jackson v. State, 404 So.2d 369 (Fla. 5th DCA 1981), quashed, 417 So.2d 985 (Fla. 1982); Stone v. State, 402 So.2d 1222 (Fla. 5th DCA 1981); James v. State, 399 So.2d 424 (Fla. 5th DCA 1981).
[5] See, e.g., Walker v. State, 386 So.2d 630 (Fla. 5th DCA 1980).
[6] Monarca v. State, 412 So.2d 443 (Fla. 5th DCA 1982); Bartee v. State, 401 So.2d 890 (Fla. 5th DCA 1981); Preston v. State, 397 So.2d 712 (Fla. 5th DCA 1981).
[7] See Bell v. State, 411 So.2d 319 (Fla. 5th DCA 1982), reversed in part, 437 So.2d 1057 (Fla. 1983), and Miles v. State, 418 So.2d 1070 (Fla. 5th DCA 1982).
[8] See, e.g., Rodriquez v. State, 443 So.2d 236 (Fla. 5th DCA 1983); Baker v. State, 431 So.2d 263 (Fla. 5th DCA 1983), rev. granted, No. 63,807 (State v. Baker); Baker v. State, 425 So.2d 36 (Fla. 5th DCA 1982), rev. granted, Nos. 63,135 (Baker v. State) and 63,269 (State v. Baker); Bell v. State, 411 So.2d 319 (Fla. 5th DCA 1982), reversed in part, 437 So.2d 1057 (Fla. 1983).
[9] See, e.g., Torrence v. State, 440 So.2d 392 (Fla. 5th DCA 1983).
[10] Harrielson v. State, 441 So.2d 691 (Fla. 5th DCA 1983).
[11] Bell v. State, 437 So.2d 1057 (Fla. 1983).
[12] Giddings v. State, 442 So.2d 336 (Fla. 5th DCA 1983).
[13] Ubi eadem ratio ibi; idem jus; et de similibus idem est judicium. Where there is the same reason, there is the same law; and where there are similar situations, the judgment is the same.
[14] See also Gaither v. State, 436 So.2d 289 (Fla. 2d DCA 1983).
[15] See cases cited in n. 8, supra. See also Gaither v. State, 436 So.2d 289 (Fla. 2d DCA 1983).