447 So.2d 411 (1984)
Phillip James SAVINO, Appellant,
v.
STATE of Florida, Appellee.
No. 82-1049.
District Court of Appeal of Florida, Fifth District.
March 22, 1984.
*412 James B. Gibson, Public Defender, and Michael S. Becker, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Richard B. Martell, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
Savino appeals his convictions and that portion of his sentence placing him on probation for an aggregate time of two years and sixty days under the supervision of the Department of Corrections. We affirm his convictions but correct the sentence so that Savino will be placed in a community control program at the end of his incarceration in conformity with the Youthful Offender Act, section 958.05, Florida Statutes (1981).
Savino was charged and convicted of two counts of battery,[1] and one count of burglary[2] and criminal mischief.[3] He was sentenced by the trial court under the Youthful Offender Act to four years of incarceration and two years on probation. However, the Youthful Offender Act provides exclusive sanctions for sentencing a juvenile pursuant to its provisions. Maham v. State, 438 So.2d 164 (Fla. 5th DCA 1983). It directs that after serving a period of time in incarceration, a juvenile will be released into a community control program. Davis v. State, 411 So.2d 312 (Fla. 3d DCA 1982); § 958.05, Fla. Stat. (1981). There is no provision for placing a juvenile on probation under the supervision of the Department.
We amend Savino's sentence to placement in a community control program following his incarceration, in accordance with the Youthful Offender Act. Riley v. State, 407 So.2d 967 (Fla. 2d DCA 1981). Otherwise, the judgment is
AFFIRMED AS MODIFIED.
COBB, J., concurs.
COWART, J., concurs specially with opinion.
COWART, Judge, concurring specially.
Appellant Savino, a youthful offender, should be placed in a community control program rather than adult probation; however, another issue in this case should be addressed.
Savino forced open the locked door of Derickson's apartment, entered it and committed an assault and a battery on Derickson therein. On these facts Savino claims double jeopardy prohibits his conviction and separate sentence as to the two offenses of burglary with an assault (§ 810.02(2)(a), Fla. Stat. (1981)) and battery (§ 784.03, Fla. Stat. (1981)). Savino's argument is that the facts which served as the allegation and proof of the assault, which was an essential of the enhanced burglary charge, were the same facts which served as the allegation and proof of the offense of battery and that, for that reason, while *413 he can be convicted for both offenses, he cannot constitutionally be sentenced for both offenses, citing State v. Hegstrom, 401 So.2d 1343 (Fla. 1981). This is exactly the same argument that was accepted and applied by this court in Jackson v. State, 404 So.2d 369 (Fla. 5th DCA 1981), and in many other cases.[1] However, essentially it is an erroneous double jeopardy analysis based on concepts underlying the single transaction rule. The "single factual transaction" aspect of that rule never provided a correct analytical basis for constitutional double jeopardy decisions; in addition, the single transaction rule was abolished by section 775.021(4), Florida Statutes. Utilization of the correct theory, a substantive analysis of the statutes and charges involved, reveals that these two offenses are as substantively different as are the offense of simple assault (§ 784.011, Fla. Stat. (1981)) and the offense of battery (§ 784.03, Fla. Stat. (1981)). This is because the enhanced burglary offense is committed when, in the course of committing a burglary, the burglar "makes an assault upon any person" (§ 810.02(2)(a), Fla. Stat. (1981)). An assault as defined in section 784.011(1), Florida Statutes (1981), and a battery as defined in section 784.03(1), Florida Statutes (1981), are substantively different offenses because each offense has essential constituent elements that the other does not have; that is, each offense can be committed without necessarily commiting the other offense. This is so because one can make "an intentional, unlawful threat by word or act to do violence to the person of another and do some act which creates a well-founded fear in such other person that such violence is imminent" (§ 784.011(1), Fla. Stat.) without actually touching or striking such other person (§ 784.03(1)(a)) or causing bodily harm (§ 784.03(1)(b)) and also one may actually touch or strike another person (§ 784.03(1)(a)) or cause bodily harm (§ 784.03(1)(b)) without threatening or creating fear in such person.[2] If one makes a threat to do violence to another and does some act (such as obtaining or displaying some weapon appropriate to carry out the threat) which creates the necessary fear of imminent violence the offense of assault is complete and is not undone merely because the threatener also goes further forward with his unlawful activity or transaction and carries out the threat by committing a battery offense by touching, striking or causing bodily harm. At common law a criminal assault was an unlawful attempt to do bodily harm to another. Therefore, at common law an assault was an attempted battery and, consequently, every battery included an assault. However, in Florida today this is not true under the statutory definition of assault in section 784.011, Florida Statutes (1981). The completed statutory assault offense does not "merge" in a related battery offense merely because factually the events are interrelated. There is no merger because statutory criminal assault is neither merely an attempted battery nor is it an essential constituent element of a battery offense.[3] Intrinsically *414 the two statutory offenses are substantively different and can never be "the same offense" and prosecutions based on each of these statutory offenses never constitute double jeopardy no matter how closely related or interrelated the factual basis for each criminal charge may be. Monarca v. State, 412 So.2d 443 (Fla. 5th DCA 1982), is the case from this court most in point.[4]
NOTES
[1] § 784.03, Fla. Stat. (1981).
[2] § 810.02(2)(a), Fla. Stat. (1981).
[3] §§ 806.13(1), 806.13(2)(a), Fla. Stat. (1981).
[1] Jackson was quashed for conflict with Hegstrom. State v. Jackson, 417 So.2d 985 (Fla. 1982). However, the rationale and result in Jackson v. State, 404 So.2d 369 (Fla. 5th DCA 1981), are inconsistent with the result that would be reached by a correct double jeopardy substantive analysis rationale. Therefore, Jackson was more in conflict with the rationale later approved in Borges v. State, 415 So.2d 1265 (Fla. 1982). See supra, note 4.
[2] The difference between a threat and a battery is easy to understand and has long been the subject of comment: Ancient: George Herbert (1593-1632) wrote in Jacula Prudentum (published in 1640), "There are more men threatened than stricken." Current: "A good fist says more than a thousand words."
[3] There is a well established principle of statutory construction to the effect that words and phrases having well-defined meanings in the common law are interpreted to have the same meanings when used in statutes dealing with the same or similar subject matter. There is another rule of law that a legislative definition prevails over a common-law meaning where it is clear and explicitly applicable. Certainly the statutory definitions contained in section 810.011, Florida Statutes, control the meaning of these words when they are used in chapter 810, which relates to burglary and trespass, but it is quite another question as to whether the word "assault" as used in section 810.02(2)(a), Florida Statutes, means the common law crime of an attempted battery or the statutory offense defined in section 784.011(1), Florida Statutes. If the reference to "assault" in section 810.02(2)(a), Florida Statutes, means the common law definition then this case should be reversed unless the two charges relate to two distinctly separate factual events, which does not appear to be the case. The same point is involved in the reference in the current robbery statute (§ 812.13(1), Fla. Stat.) to "larceny."
[4] Because the proper rationale (an analysis of statutory elements and of factual events for substantive difference) for the disposition of this case is in accord with the rationale and result in Borges v. State, 415 So.2d 1265 (Fla. 1982), Monarca v. State, 412 So.2d 443 (Fla. 5th DCA 1982), Bartee v. State, 401 So.2d 890 (Fla. 5th DCA 1981), and Preston v. State, 397 So.2d 712 (Fla. 5th DCA 1981), it is necessarily in direct conflict with that in O'Hara v. State, 448 So.2d 524 (Fla. 5th DCA 1984), Rodriquez v. State, 443 So.2d 236 (Fla. 5th DCA 1983); Garcia v. State, 444 So.2d 969 (Fla. 5th DCA 1983); Baker v. State, 431 So.2d 263 (Fla. 5th DCA 1983), rev. granted, No. 63,807 (State v. Baker); Baker v. State, 425 So.2d 36 (Fla. 5th DCA 1982), rev. granted, Nos. 63, 135 (Baker v. State) and 63,269 (State v. Baker); Stone v. State, 402 So.2d 1222 (Fla. 5th DCA 1981), James v. State, 399 So.2d 424 (Fla. 5th DCA 1981). All related and relevant cases are cited in O'Hara. See also Madry and Banks v. State, 448 So.2d 8 (Fla. 5th DCA 1984), and Hedges v. State, 448 So.2d 5 (Fla. 5th DCA 1984).