COWART, Judge,
concurring, specially.
Shaw, who was convicted of and sentenced for the offense of burglary with assault (§ 810.02(2)(a), Fla.Stat. (1981)) and of the offense of battery (§ 784.03(1), Fla. Stat. (1981)), contends that his convictions for both offenses violate his constitutional double jeopardy rights, citing McRae v. State, 383 So.2d 289, (Fla. 2d DCA 1980) and arguing that the battery offense is a lesser included offense of the offense of burglary with assault.
This argument is in error because the offense of battery (§ 784.03(1), Fla.Stat. (1981)) is substantively different from (1) the offense of burglary (§ 810.02(1), Fla. Stat. (1981)), (2) the offense of burglary with assault (§ 810.02(2)(a), Fla.Stat. (1981)), which appears to be but a degree of the substantive crime of burglary, and (3) the offense of statutory assault (§ 784.-011(1), Fla.Stat. (1981)), which latter offense is an ingredient of (and, perhaps, a lesser included offense of) the charged offense of burglary with assault (§ 810.-02(2)(a), Fla.Stat. (1981)). This is so because an actual touching or striking is an essential constituent element of the offense of battery (§ 784.03(1), Fla.Stat.) but not of either the offense of burglary with assault[1] or the offense of simple assault, while the offense of burglary (including burglary with assault) has many elements not included in the offense of battery (such as, the existence of a structure or conveyance and the intent to commit an offense therein) and the offense of statutory assault has many essential constituent elements not included in the offense of battery (such as, a threat and the existence of fear, etc.). See Borges v. State, 415 So.2d 1265 (Fla.1982). As to a comparison of the offense of burglary with assault and battery, see the specially concurring opinion in Savino v. State, 447 So.2d 411 (Fla. 5th DCA 1984). McRae v. State, 383 So.2d 289 (Fla. 2d DCA 1980) makes a bad substantive analysis. See Wicker v. State, 462 So.2d 461 (Fla.1985). Shaw’s conviction for the offense of burglary with assault and of the offense of battery based on the same factual event, transaction or episode, was therefore constitutionally permissible and is properly affirmed.

. § 810.02(2)(a), Fla.Stat., was amended effective October 1, 1983, which amendment was inapplicable to this case as Shaw's offense was committed on April 2, 1983. The amendment makes the assault or battery a disjunctive element of the offense prohibited by § 810.-02(2)(a), Fla.Stat., which complicates the double jeopardy analysis in cases similar to this one where the offense occurs after the effective date of the amendment.