469 So.2d 768 (1984)
Donald Ray BEAN, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 84-153.
District Court of Appeal of Florida, Fifth District.
September 28, 1984.
On Rehearing and Clarification May 30, 1985.
James B. Gibson, Public Defender, and Daniel J. Schafer, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Gary W. Tinsley, Asst. Atty. Gen., Daytona Beach, for appellee.
*769 COBB, Chief Judge.
The appellant, Donald Ray Bean, was charged with and tried for two counts of felony murder, the first count predicated on robbery and the second on kidnapping, in regard to the homicide of one person. After a jury verdict of guilt as to both counts, the trial judge adjudicated him guilty of each count but sentenced only as to Count I.
On appeal, Bean asserts the second conviction for the same homicide was error based on prior opinions from this court: Goss v. State, 398 So.2d 998 (Fla. 5th DCA 1981), and Muszynski v. State, 392 So.2d 63 (Fla. 5th DCA 1981). The state concedes error in this regard.
In both Goss and Muszynski we held that one homicide can support only one murder conviction.[1] In neither case did we cite to a state or federal constitutional provision to support our conclusion, apparently on the assumption that the proposition was self-evident. Since those opinions were issued, however, the United States Supreme Court has decided Ohio v. Johnson, ___ U.S. ___, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984) and concluded that judgments of conviction for both manslaughter and murder for one homicide in one trial setting do not violate the Double Jeopardy Clause of the United States Constitution. The issue of cumulative punishments for such convictions was determined to be a matter of state legislative intent in footnote 8 of the majority opinion in Ohio.
Ohio seems as incongruous to us as it did to the two dissenting justices therein, Stevens and Marshall. We adhere to the conclusion reached in Goss and Muszynski and now predicate our holding on section 9 of Article I of the Florida Constitution, which states that "no person shall ... be twice put in jeopardy for the same offense," thereby precluding more than one homicide conviction (judgment) where there has been but one death, even though the defendant has been charged with multiple homicide counts. Therefore, we reverse the appellant's judgment of guilt under Count II (felony murder  kidnapping) and remand for vacation of that judgment.
We find appellant's remaining points on appeal to be without merit.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED.
DAUKSCH and COWART, JJ., concur.

ON MOTION FOR REHEARING/CLARIFICATION
COBB, Chief Judge.
The state has moved for rehearing or clarification on several asserted bases. First, it contends that we did not determine whether the crime of felony murder (kidnapping) is the "same" crime as felony murder (robbery), utilizing the test established in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); if not, says the state, convictions for both are permissible, though arising from a single homicide.
In advancing this contention, the state seemingly suggests that the Blockburger rule is an absolute standard applicable, without exception or qualification, to all multiple charge cases. This is incorrect. It is a rule of construction which is helpful, but not conclusive, in resolving double jeopardy controversies where two or more purported offenses are charged. Albernaz v. United States, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981); State v. Gibson, 452 So.2d 553 (Fla. 1984); Carroll v. State, 459 So.2d 368 (Fla. 5th DCA 1984), review denied, 464 So.2d 554 (Fla. 1985). See also Ball v. United States, ___ U.S. ___, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985); Missouri v. Hunter, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983). It is inapplicable where legislative intent is clear in respect to the issue of multiple punishments. Rotenberry v. State, 468 So.2d 971 (Fla. 1985).
*770 We believe that first-degree felony murder is one crime in Florida, and is based on only one criminal statute which contemplates one punishment. See § 782.04(1)(a), Fla. Stat. (1983). It is a crime which may be committed in various enumerated ways, and some of the ways may occur concurrently. As we said in Bartee v. State, 401 So.2d 890 (Fla. 5th DCA 1981):
When a single statutory offense describes multiple alternative acts, each of which is prohibited, each separate prohibited act does not constitute a separate offense for double jeopardy purposes since there is but one statutory offense. Therefore a charge that an accused has violated a specific criminal statute results in jeopardy as to all alternative acts that could have been alleged and proved to have constituted a violation of the statute... .
Id. at 893. The fact that we predicated our initial decision herein on our interpretation of the Florida Constitution does not mean we are unaware that the same result is mandated, under the instant facts, by a Bartee analysis.
The state contends that our decision in the instant case is in conflict with our decision in Gordon v. State, 457 So.2d 1095 (Fla. 5th DCA 1984), wherein we determined that, based on a Blockburger analysis, second-degree murder, per section 782.04(2), and D.W.I. manslaughter, per section 860.01(2), Florida Statutes (1982), are different crimes. We perceive no conflict. In Gordon there were two separate statutory crimes; here, there is only one. In Gordon, as in the instant case, we relied on Article I, Section 9 of the Florida Constitution for our conclusion that one homicide can support only one homicide conviction against one defendant. See Gordon, note 8. Even if we disregard Gordon's interpretation of the Florida Constitution, it does not affect the result in the instant case based upon the rationale of Bartee set forth above. Therefore, our result herein is not necessarily in conflict with the decision in Houser v. State, 456 So.2d 1265 (Fla. 1st DCA 1984), the case urged by the state as the basis for conflict certification. Houser concerned the elements of two separate statutory offenses, D.W.I. manslaughter and vehicular homicide. For that reason, we do not certify a conflict with Houser in the instant case.
The state also argues that the recent United States Supreme Court decision in Ohio v. Johnson, ___ U.S. ___, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984), is authority for the proposition that one homicide can support convictions for two counts of murder, provided the state legislature so intends. Assuming the validity of this proposition, arguendo, we find nothing to indicate that the Florida Legislature ever intended there to be two separate statutory offenses of first-degree murder for one homicide, whatever may have been the intent of the Ohio Legislature in the enactment of its criminal statutes. There is only one statute in Florida that proscribes murder in the first degree, as we have previously observed.
Lastly, the state contends that even if the duplicative count two conviction for felony murder (kidnapping) cannot stand, it should not be reversed in toto, but simply reduced to the underlying offense of kidnapping. The state argues in its motion that "the jury necessarily found [Bean] guilty of kidnapping in finding him guilty of felony murder-kidnapping and nothing precludes conviction of kidnapping in this cause."
There is a surface logic to the state's argument. The jury was instructed on the elements of kidnapping,[1] and told that before finding the defendant guilty of first-degree felony murder the state should prove beyond a reasonable doubt that the victim's death "occurred as a consequence of and while Donald Ray Bean, Jr., was engaged in the commission of a robbery or kidnapping... ." The Florida Supreme Court has held that the underlying felony *771 in felony murder cases is necessarily an offense included in the murder. Hawkins v. State, 436 So.2d 44 (Fla. 1983); State v. Hegstrom, 401 So.2d 1343 (Fla. 1981). Therefore, reasons the state, implicit in the jury's conviction under count two was a finding of guilt of the underlying offense of kidnapping.
But the problem is more complex than suggested by the state. Objectively analyzed, only one statutory crime (excluding lesser included offenses) was charged against Bean  first-degree felony murder. The fact that the alternative acts by which this one statutory crime may have been committed were set forth in two separate counts does not mean that two separate crimes were charged against him. They were not. One crime, first-degree felony murder, was broken into two inconsistent counts, which were submitted to the jury without instructions applicable to inconsistent verdicts per Florida Rule of Criminal Procedure 3.505. A single crime will support only a single conviction. Bartee.
Had the state charged and proven kidnapping in a separate count, a conviction obtained under that count, together with the count one felony murder (robbery) conviction, could be sustained. Harkins v. State, 380 So.2d 524 (Fla. 5th DCA 1980). It can be argued that the state, in a felony murder action, is entitled to have the jury instructed on the underlying felony, and to consider a verdict form in regard to guilt or innocence in respect thereof. If the underlying felony is a necessarily lesser included offense, as is indicated by Hawkins and Hegstrom,[2] it would seem to follow that the jury could consider it despite those cases holding that in homicide prosecutions only lesser included homicides should be considered by the jury. See Martin v. State, 342 So.2d 501 (Fla. 1977); Brown v. State, 245 So.2d 68 (Fla. 1971). It should be noted that in Martin and Brown the lesser included offenses other than homicide that were rejected were not necessarily lesser included offenses. In any event, both Martin and Brown would be superseded by Hegstrom.
In the instant case, however, the state did not ask for jury verdict forms on either kidnapping or attempted kidnapping. The only lesser included verdict forms submitted to the jury were for second-degree felony murder and manslaughter. Therefore, the state waived any right it may have had to have the lesser included offenses of kidnapping and/or attempted kidnapping considered below as possible verdicts, and it cannot now obtain a judgment for either from this court.
We grant rehearing in order to modify our previous opinion, for purposes of clarification, by the addition of this supplemental opinion. We deny the state's other requested relief, including a rehearing en banc and certification to the Florida Supreme Court.
REHEARING GRANTED; PRIOR OPINION MODIFIED.
DAUKSCH, J., concurs.
FRANK D. UPCHURCH, Jr., J., concurs without participating in prior opinion.
NOTES
[1] See also Thomas v. State, 380 So.2d 1299 (Fla. 4th DCA), review denied, 389 So.2d 1116 (Fla. 1980); Phillips v. State, 289 So.2d 769 (Fla. 2d DCA 1974).
[1] Nothing was said in the jury instructions about the fact that felony murder may be predicated upon the attempt to perpetrate, as well as the perpetration of, the underlying felony. See § 782.04(1)(a), Fla. Stat. (1983).
[2] But see Florida Standard Jury Instructions  Criminal Cases (2d ed. 1981), page 258 of the Schedule of Lesser Offenses, wherein only manslaughter is listed as a Category One lesser included offense of first-degree (felony) murder.