JOHNSON, Acting Chief Judge.
This is an appeal from an order denying a petition for writ of habeas corpus.
The petition for writ of habeas corpus was based, inter alia, on the contention that since the defendant-petitioner had been sentenced to serve six mo.nths in County Jail plus 2 years probation, said sentence to begin June 26, 1973, and that he had served the jail sentence at the time of filing the petition for habeas corpus if he had been given credit for his “gain time earned”, pursuant to F.S. § 951.21(1).
In this case to start with, the defendant had pled guilty to the crime of attempted uttering of a forgery, and adjudication of guilt was withheld and petitioner-defendant was sentenced to 2 years probation, on June 4, 1973.
The record on appeal on page 7 thereof, shows “Judgment and Sentence” in which it appears that the defendant entered a plea of guilty and was sentenced to 1 year, in county jail, “To serve six (6) months, then 2 years probation”. On the same date, to wit: August 9, 1973, the same trial court signed a printed form of the “Judgment, Sentence and Order Placing Defendant on Probation During Portion of Sentence” (the same does not show filing date until August 13, 1973, shown page 11 of record on appeal) in which is repeated the sentence to Duval County Jail for one year, with provision that after serving six months of said term, “without deducting therefrom any allowance for gain time”, the defendant would “be placed on probation for a period of -under the supervision . . . While the record shows the printed form of “Judgment and Sentence” which does contain the provision of probation for 2 years, the other order which appears to be a repetition to some extent, contains the provision that the six months jail time shall be “without deducting” the gain time, but the blank space for the duration of probation is left blank. Therefore, we must construe the two orders by the same judge and dated the same date, in pari materia or as part of the same proceedings. This shows that the trial court did not overlook the provisions of § 951.21(1), F.S. but did in fact, take the same into consideration. It was obviously in the sound judicial discretion whether the jail time would be six months or seven months or any month up to the twelve months. Had the same jail time been for the full twelve months, and if the defendant had otherwise qualified for the gain time, then it would have been error. But in this case, the trial court allowed enough time for jail to still allow for “gain time” without violating the statute or overriding the total sentence of one year.
Affirmed.
BOYER, J., and STEWART, LEON F., Associate Judge, concur.