342 So.2d 565 (1977)
Robert Clark WRIGHT, Appellant,
v.
STATE of Florida, Appellee.
No. CC-108.
District Court of Appeal of Florida, First District.
February 18, 1977.
Alan R. Parlapiano, Stephen N. Bernstein, Gainesville, for appellant.
*566 Robert L. Shevin, Atty. Gen., Donald K. Rudser, Asst. Atty. Gen., for appellee.
McCORD, Judge.
Appellant was convicted of involuntary sexual battery and sentenced to 30 years imprisonment with a proviso in his sentence that after serving 25 of the 30 year term with no allowance for gain time or good time and no parole, the remainder of such sentence shall be stayed and withheld and he shall be placed on probation for a period of five years under the supervision of the Florida Parole and Probation Commission. This appeal is from the judgment and sentence and appellant's subsequent motion for correction and reduction of sentence. Appellant contends the trial court erred in imposing 25 years imprisonment without gain time or good time or consideration for parole.
The 30 year sentence is the maximum for involuntary sexual battery, a felony of the first degree, [§ 794.011(4) and 775.082, Fla. Stat. 1975]. The split sentence imposed (part imprisonment and part probation) is pursuant to § 948.01(4), Fla. Stat. 1975, which states as follows:
"(4) Whenever punishment by imprisonment for a misdemeanor or a felony, except for a capital felony, is prescribed, the court, in its discretion, may, at the time of sentencing, direct the defendant to be placed on probation upon completion of any specified period of such sentence. In such case, the court shall stay and withhold the imposition of the remainder of sentence imposed upon the defendant, and direct that the defendant be placed upon probation after serving such period as may be imposed by the court."
Under the foregoing statute providing for a split sentence, it is permissible for the trial court to require that the initial imprisonment prior to release on probation be served without credit for gain time or good time provided there is sufficient time left in the sentence after the period of imprisonment to allow for the maximum gain time and good time that the defendant could acquire during the term of imprisonment. See Mackey v. State, 310 So.2d 312 (Fla. 1 DCA 1975). Here there is insufficient time left on appellant's sentence after the period of imprisonment to allow for the maximum gain time he could acquire under § 944.27, Fla. Stat. 1975, and the maximum extra good time he could acquire under § 944.29, Fla. Stat. 1975.
As to parole, we find no authority and none has been furnished us that authorizes a restriction against consideration for parole in a sentence for a felony of the first degree. Authority relative to the giving or withholding of parole has been granted by the legislature to the Florida Parole and Probation Commission. See § 947.16, Fla. Stat. 1975. It is that Commission's prerogative under the statute to determine whether or not and under what conditions parole will be granted. We note that under the penalties section of the Florida Statutes (§ 775.082, Fla. Stat. 1975), the legislature specifically provided that a person who has been convicted of a capital felony and who is not sentenced to death shall be punished by life imprisonment and shall be required to serve no less than 25 years before becoming eligible for parole. The penalty for a felony in the first degree, however, contains no similar restriction as to parole. The sentence of appellant is vacated and the cause is remanded for the imposition of a legal sentence.
Reversed and remanded.
BOYER, C.J., and MILLS, J., concur.