PER CURIAM.
Sheffield pleaded nolo contendere to a charge of robbery with a firearm reserving his right to appeal the denial of his motion for extensive psychiatric evaluation.
Sheffield sought to rely upon the defense of insanity. Two psychiatrists examined Sheffield and found him to be competent to stand trial and sane at the date of the alleged offense. Sheffield’s sanity was determined by the court pursuant to Fla.R. Crim.P. 3.210(a). Sheffield requested further psychiatric evaluations and/or voluntary hospitalization for psychiatric evaluation. After an extensive hearing on the motions, the trial court denied Sheffield’s request. Sheffield has not demonstrated an abuse of discretion by the trial court. Brown v. State, 245 So.2d 68 (Fla.1971); Olsen v. State, 338 So.2d 225 (Fla.3d DCA 1976). Accordingly, the judgment of conviction is affirmed.
We agree with Sheffield’s contention that the sentence imposed is illegal. See Noble v. State, 353 So.2d 819 (Fla.1977). Sheffield was adjudicated guilty of robbery with a firearm, in violation of Section 812.-13(2)(a) and was sentenced to a term of imprisonment “for the remainder of his natural born life and a minimum of 25 years in prison before parole is to be considered”. The restriction on eligibility for parole is not authorized by law for a felony in the first degree. Wright v. State, 342 So.2d 565 (Fla.1st DCA 1977). The sentence is therefore vacated and remanded with directions to delete this illegal provision from the sentence. Sheffield need not be present for this purpose.
SMITH, Acting C. J., ERYIN, J., and MASON, ERNEST E., Associate Judge, concur.