McCORD, Judge.
This cause is before us for consideration of an alleged sentencing error following the remand from the Supreme Court. Noble v. State, 338 So.2d 904 (Fla. 1st DCA 1976); quashed 353 So.2d 819 (Fla.1977).
A five year split sentence was imposed upon appellant with the provision that after having served three years of said term, “with no credit for good time or gain time”, the remainder of the term was to be stayed and withheld with appellant being placed on probation for two years. Appellant asserts that the provision of the sentence disallowing credit for good time or gain time during the first three years of the split sentence is illegal. We disagree.
*1117 In Wright v. State, 342 So.2d 565 (Fla. 1st DCA 1977) [which cited this court’s previous opinion in Mackey v. State, 310 So.2d 312 (Fla. 1st DCA 1975)], we noted that:
It is permissible for the trial court to require that the initial imprisonment pri- or to release on probation be served without credit for gain time or good time provided there is sufficient time left in the sentence after the period of imprisonment to allow for the maximum gain time and good time that the defendant could acquire during the term of imprisonment.
Under the rationale of Wright, supra, the sentence herein is proper. Sufficient time was left in the sentence after the period of imprisonment to allow for the maximum gain time and good time that appellant could acquire during the term of imprisonment.
AFFIRMED.
MILLS, C. J., and LARRY G. SMITH, J., concur.