FRANK D. UPCHURCH, Jr., Judge.
This is a petition for writ of prohibition directed to the trial judge to prevent petitioner’s retrial as ordered by Judge Susan Black of the United States District Court for the Middle District of Florida.
This story began when petitioner was charged with battery upon a law enforcement officer. He went- to trial for that crime and was convicted of assault upon a law enforcement officer.
Upon appeal, this court held that it was error for the trial judge to have instructed the jury regarding the crime of assault on a law enforcement officer. However, as counsel for the petitioner had failed to make a proper specific objection as required by Florida Rule of Criminal Procedure 3.390(d), we affirmed the conviction. Wilson v. State, 383 So.2d 670 (Fla. 5th DCA 1980). The evidence at trial apparently supported the assault verdict and judgment. The fact that the information did not allege all of the elements of the assault charge was deemed not fundamental error and the failure of counsel to specifically object waived the defect and the error.
The United States District Court disagreed with this court. In the order granting the petition for writ of habeas corpus, the federal court adopted a magistrate’s report which declared that “the record supports the finding that a timely and sufficient objection was interposed to the proposed assault instruction.” The court then vacated the conviction and ordered that the petitioner be retried. Wilson v. Pellicer, Case No. 81-119 (M.D.Fla. March 24, 1982).
We totally agree with the comments and reasoning of Judge Dauksch in hi's dissent, but we are not inclined to stand in the schoolhouse door to challenge the authority and determination of the federal court. While we bow to its authority and accept its order, we feel bound to accept the entire order including the requirement of retrial. We cannot reject one part any more than we can reject the entire order; however, we shall observe that, in our opinion, the federal court has, in effect, become an intermediate appellate court interposing itself within a state’s appellate process. If all state criminal appellate decisions are to be subject to appellate review by the federal district courts, the citizens of this state could realize a substantial savings in time and money by eliminating criminal appellate jurisdiction now vested in the district courts of appeal and the Florida Supreme Court and by providing an expeditious, direct appeal to the federal district courts.
Writ of Prohibition DENIED.
COBB, J., concurs.
DAUKSCH, J., dissents with opinion.