444 So.2d 969 (1983)
Jose Manuel GARCIA, Appellant,
v.
STATE of Florida, Appellee.
No. 82-422.
District Court of Appeal of Florida, Fifth District.
December 8, 1983.
Rehearing Denied February 1, 1984.
*970 Edward R. Kirkland, Orlando, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Richard B. Martell, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Judge.
This is an appeal from a conviction for the crime of armed robbery. The appellant asserts that the evidence was insufficient to sustain a conviction. The evidence is quite sufficient and we affirm the conviction and sentence. We also find no merit in the appellant's assertion that it was error to admit a firearm into evidence at trial.
Although the appellant did not raise the point on appeal, we notice he was convicted both of armed robbery and the lesser included offense of possession of a firearm in the commission of a felony. Because a double jeopardy defense can be waived and because appellant failed to raise the defense, we are bound to affirm the conviction (there was no sentence under the firearm conviction). See, Drakes v. State, 400 So.2d 487 (Fla. 5th DCA 1981); Chapman v. State, 389 So.2d 1065 (Fla. 5th DCA 1980); Bell v. State, 262 So.2d 244 (Fla. 4th DCA 1972).
However, we do certify to the Florida Supreme Court a question of great public importance which is inherent in this case, to-wit: Whether one can be convicted, although not sentenced, of a lesser included offense after he has been convicted of the greater crime. State v. Monroe, 406 So.2d 1115 (Fla. 1981) and State v. Hegstrom, 401 So.2d 1343 (Fla. 1981) say one can be convicted but not sentenced for the lesser included offense. Additionally, State v. Gibson, No. 61,325 (Fla. February 17, 1983) [8 FLW 199] held that separate sentences for the offenses of robbery with a firearm and possession of a firearm were not authorized, even though separate convictions were proper.
After those decisions, the Florida Supreme Court announced in Bell v. State, 437 So.2d 1057 (Fla. 1983) that sentences and convictions for both a greater and lesser included offense arising out of the same occurrence are prohibited. However, the court in Bell did not address or expressly recede from its holding in State v. Gibson. After Bell, the court in Hawkins v. State, 436 So.2d 44 (Fla. 1983) held that the defendant could not be separately sentenced for the underlying felony in a felony murder case but allowed the conviction to remain intact. It appears to us that the Hawkins decision may have been mistakenly issued and was not intended to be the latest pronouncement of the supreme court on double jeopardy. Contra, Judge Nesbitt's dissent in Boivin v. State, 436 So.2d 1074 (Fla. 3d DCA 1983). This dissent refers to Hawkins as a lesser included offense conviction as opposed to an underlying felony conviction, but we see no substantial difference. The real question remains: which case establishes the final binding precedent for Florida courts?
Counsel are reminded that the supreme court will not take jurisdiction unless a petition is timely filed.
AFFIRMED.
SHARP, J., and MIZE, Associate Judge, concur.