442 So.2d 1030 (1983)
Albert Lee SOLOMON, Appellant,
v.
STATE of Florida, Appellee.
No. AM-325.
District Court of Appeal of Florida, First District.
December 12, 1983.
*1031 Charlene V. Edwards, Asst. Public Defender, Tallahassee, for appellant.
No response for appellee.
SHIVERS, Judge.
Solomon appeals his convictions and sentence based on two counts of improper exhibition of a dangerous weapon, section 790.10, Florida Statutes (1981). Appellant's appellate counsel, unable to make a good faith argument that reversible error occurred in the trial court, has filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Appellant has not filed a pro se brief. Because we find fundamental error in appellant's conviction on more than one count of improper exhibition of a dangerous weapon, we affirm in part and reverse in part.
Solomon was originally charged with two counts of aggravated assault, one count of carrying a concealed firearm, and one count of resisting an officer without violence. All charges stemmed from an incident on or about October 10, 1981. At trial, Ms. Piccolo Solomon, appellant's ex-wife, testified that she was in a car being driven by Reginald Brown when she heard the car behind her blow its horn. Appellant, who was in the car behind Ms. Solomon, passed her car and attempted to run her and Brown off the road. Appellant then stopped his car, and Brown parked behind him. Appellant got out, came up to the driver's side of Ms. Solomon's car, reached in his pocket, took out a pistol and placed the gun to Brown's ear. Ms. Solomon testified that appellant said he was going to kill her and Brown. Brown's testimony substantially corroborated Ms. Solomon's.
Sgt. Don Porter of the Tallahassee Police Department testified that he was issuing a traffic citation when a passerby informed him that two people were fighting further down the road. Upon arriving at the scene, Porter observed appellant standing at the driver's side of Ms. Solomon's car with a gun in his hand. Porter testified that appellant pointed the gun first at Ms. Solomon and then at Brown. He further testified that he could hear appellant making threats to do bodily harm and to kill both the occupants of the automobile. As Porter stepped out of his patrol car, appellant turned and saw him, and appellant then put the gun into his right hand front pocket. Porter grabbed appellant, identified himself as a police officer, and a struggle ensued. The pistol was not loaded when Porter took it from appellant.
Appellant testified that Ms. Solomon had made several attacks upon him with a knife *1032 in the past. Appellant admitted that he passed Ms. Solomon's car, stopped his own car, got his pistol, and went back to Ms. Solomon's car. Appellant testified, however, that he took the gun based on his previous encounters with Ms. Solomon and to keep her from causing him any further harm. Appellant stated that he did not threaten or point the gun at Brown or Ms. Solomon.
At the close of the State's case and at the close of all the evidence appellant moved for judgment of acquittal. The motions were denied. On the two counts of aggravated assault (one count relating to Brown and one count relating to Ms. Solomon), the jury found appellant guilty of the lesser included offense of improper exhibition of a dangerous weapon on both counts. Appellant was found not guilty of carrying a concealed firearm and resisting an officer without violence. The trial court adjudged appellant guilty of two counts of improper exhibition of a dangerous weapon and sentenced appellant to one year incarceration on Count One. No sentence was imposed on Count Two.
Upon review of the entire record, we find that no reversible error occurred in the conduct of the trial sub judice. The evidence adduced, taken in a light most favorable to the State, was sufficient to have sustained convictions upon the crimes charged. However, since the jury found appellant guilty of improper exhibition of a dangerous weapon (a lesser included offense of aggravated assault), the trial court erred by adjudicating appellant guilty of two counts as opposed to merely one. Section 790.10, Florida Statutes (1981), states:
790.10. Improper exhibition of dangerous weapons or firearms.  If any person having or carrying any dirk, sword, sword cane, firearm, electric weapon or device, or other weapon shall, in the presence of one or more persons, exhibit the same in a rude, careless, angry, or threatening manner, not in necessary self-defense, the person so offending shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(emphasis added). We interpret the emphasized phrase as indicative of a legislative intent that a single act of exhibition in the presence of more than one person should not result in multiple convictions.
In Ladner v. United States, 358 U.S. 169, 79 S.Ct. 209, 3 L.Ed.2d 199 (1958), the Court held that where a defendant assaulted two federal officers with a single discharge from a shotgun, the relevant statute, 18 U.S.C. § 254 (1940), would not support a separate offense against each officer. The Ladner Court found that because neither the wording of the statute nor its legislative history pointed clearly to a meaning which would support multiple convictions, the Court should apply a policy of lenity and adopt the less harsh meaning. Further, the Court noted that an interpretation favoring multiple convictions would produce incongruous results.
Punishments totally disproportionate to the act of assault could be imposed because it will often be the case that the number of officers affected will have little bearing upon the seriousness of the criminal act. For an assault is ordinarily held to be committed merely by putting another in apprehension of harm whether or not the actor actually intends to inflict or is capable of inflicting that harm. Thus under the meaning for which the Government contends, one who shoots and seriously wounds an officer would commit one offense punishable by 10 years' imprisonment, but if he points a gun at five officers, putting all of them in apprehension of harm, he would commit five offenses punishable by 50 years' imprisonment, even though he does not fire the gun and no officer actually suffers injury. It is difficult, without a clearer indication than the materials before us provide, to find that Congress intended this result.
358 U.S. at 177, 79 S.Ct. at 213 (footnote omitted).
An interpretation of section 790.10, Florida Statutes, which favors multiple convictions *1033 for a single act of exhibition could also produce incongruous results. How many convictions could legally be obtained from the single act of exhibiting a weapon in a crowded stadium? As in Ladner, it is difficult to find that the Legislature intended for multiple convictions to result from such situations.
Accordingly, appellant's conviction and sentence based on Count One is AFFIRMED, and the conviction based on Count Two is REVERSED.
BOOTH and LARRY G. SMITH, JJ., concur.