DANIEL S. PEARSON, Judge.
The defendant, Major Vance, was charged in an information with two counts of aggravated assault with a deadly weapon, a pistol. Despite ample evidence to sustain these charges, the jury returned a verdict finding the defendant guilty on each count of the lesser-included offense of improper exhibition of a dangerous weapon, a misdemeanor of the first degree. The trial court thereupon placed the defendant on probation for one year on each count, the terms of probation to run consecutively. The order of probation recited as a special condition that the defendant was to serve 364 days in the county jail and specified that the defendant was to receive no credit for an approximate two weeks served in jail awaiting trial on the charges, and that no gain time would be earned by the defendant during the service of the 364 days.
Relying on Solomon v. State, 442 So.2d 1030 (Fla. 1st DCA 1983), the defendant argues that the two separate convictions and sentences for improper exhibition of a dangerous weapon are impermissible because the single act of exhibiting a firearm in the presence of two people constitutes a single offense under Section 790.10, Florida Statutes (1981). While we are not unpersuaded by the holding to that effect in Solomon, we need not now decide whether we will align ourselves with our sister court. We merely hold that the defendant is estopped from challenging on appeal the dual convictions because at trial he requested that the jury be instructed that it could find him guilty of the lesser-included offense of improper exhibition on each of the charged counts of aggravated assault.[1] The defendant, much to his bene *996 fit, got precisely what he asked for.[2] See McKee v. State, 450 So.2d 563 (Fla. 3d DCA 1984) (defendant who acquiesced in jury instruction that crimes charged in separate counts were to be considered separately is estopped from advancing claim that verdicts returned by jury inconsistent).
Our holding that the separate convictions may stand renders harmless any error in the trial court’s failure to give the defendant credit for time served and its declaration that the defendant would not be eligible for statutory gain time. These alleged deprivations would make a difference only if the defendant’s maximum exposure to incarceration were one year, compare Wright v. State, 342 So.2d 565 (Fla. 1st DCA 1977), with Noble v. State, 374 So.2d 1116 (Fla. 1st DCA 1979), not, as here, two years. Since it is patent in this record that the trial court’s intent was that the defendant serve 364 days in jail in addition to the two weeks already served and without any gain time, we consider it a waste of judicial labor to remand this case to the trial court for the sole purpose of allocating the jail time to be served between the first and second years of probation.[3]
Affirmed.

. We recognize that by holding that the defendant is estopped from claiming any error in the dual convictions, we have necessarily determined that the error asserted by the defendant is not fundamental so as to excuse the defendant’s failure to request the appropriate instruction. Insofar as Solomon finds the error of separate convictions under Section 790.10 fun *996 damental, we disagree with that part of the Solomon decision.

. Had the jury been instructed that if it found the defendant guilty of improper exhibition of a dangerous weapon as a lesser-included offense of each count, its dual verdicts would have to be nullified, it may not have chosen to pardon the defendant of both aggravated assault charges.

. For example, to carry out its original sentencing goal, see Herring v. State, 411 So.2d 966 (Fla. 3d DCA 1982), the trial court could impose as a special condition of the first year's probation that the defendant serve 364 days (which, less gain time and credit for time served, would come to actual incarceration of approximately 290 days) and then impose as a special condition of the second year’s probation a sufficient number of days of jail time to make up the difference in the time actually served. This might produce the anomalous result that the defendant would be released from jail for a short period of time during the first year's probation only to be returned to jail when the second year’s probation began.