462 So.2d 1161 (1984)
Wayne L. AKINS, Appellant,
v.
STATE of Florida, Appellee.
No. 83-743.
District Court of Appeal of Florida, Fifth District.
December 6, 1984.
Rehearing Denied February 12, 1985.
James B. Gibson, Public Defender, and Christopher S. Quarles, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Kenneth McLaughlin, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
AFFIRMED.
ORFINGER, and FRANK D. UPCHURCH, Jr., JJ., concur.
COWART, J., dissents with opinion.
COWART, Judge, dissenting:
This case involves constitutional law, a double jeopardy identity of offense problem, a due process problem resulting from the failure of a charging document to allege all essential constituent elements of an offense of which the defendant was convicted and the question of whether violations of constitutional double jeopardy and due process constitute fundamental error.

THE FACTS:
A bank employee was in a repossessed car in the bank parking lot inspecting it. The defendant entered the car, pushed the employee down, put a knife to her throat, and threatened to kill her if she did not give him her purse. When told she had no purse he demanded the car keys. When told the car did not run, he ran.

CONVICTION:
Charged with attempted armed robbery (count 1), aggravated battery (count 2), and burglary of a conveyance with an assault therein (count 3), the defendant was convicted of (1) attempted armed robbery (count one), (2) aggravated assault as a lesser included offense of the aggravated battery charged in count two, and (3) trespass while armed as a lesser included offense of the burglary with an assault charged in count three.

I. CONSTITUTIONAL LAW  DOUBLE JEOPARDY  IDENTITY OF OFFENSES  ATTEMPTS:
Principles:
(1) The double jeopardy clauses of the state[1] and federal[2] constitutions prohibit a person from being twice put in jeopardy for "the same offense."

*1162 (2) If one statutory offense includes all of the elements of another, those two offenses are constitutionally "the same offense" and a person cannot be put in jeopardy as to both such offenses unless the two offenses are based on two separate and distinct factual events.[3]
(3) The conviction of a defendant of two crimes which are, in constitutional double jeopardy concept, "the same offense" violates the double jeopardy clauses of the state and federal constitutions and constitutes fundamental error.
The dissent in Baker v. State, 425 So.2d 36, 59 (part 10A) (Fla. 5th DCA 1982),[4] warns of the difficulty in making an accurate substantive analysis for double jeopardy purposes when one of the offenses being compared is an attempt offense (§ 777.04(1), Fla. Stat. (1983)). This is because the "act" element of every attempt is the same and is vague by its very definition. That element is "any overt act" that is reasonably calculated to lead to the commission of the offense which is primarily intended to be committed. A completed offense can properly be said to have some element that the attempt to commit that same offense does not have but the converse is not true. It cannot be correctly stated that an attempt contains an essential constituent element that the completed offense does not require because the "overt act" required by an attempt may be one of the "act" elements in the completed offense or it may not. The aspect of an attempt offense relating to the fact that the attempt does not contain all of the elements of the completed crime (i.e., the absence of some element necessary to complete the crime intended) is not itself a negative "element" of the attempt offense.[5] Often the commission of one crime facilitates the accomplishment of another and the best method to commit one crime and to get away with it involves the commission of other, collateral, crimes. There are numerous common examples of this: the use of a weapon or firearm (§ 790.07(1) and (2), Fla. Stat. (1983)); the carrying of a concealed weapon (§ 790.01, Fla. Stat. (1983)), the commission of a burglary (§ 810.02, Fla. Stat. (1983), and the use of accessories after the fact (§ 777.03, Fla. Stat. (1983)), usually facilitate the commission of some other, more specifically intended, crime (such as murder, rape, robbery or theft), which latter crime usually carries a greater penalty than the "facilitating offense." Of course, sometimes the crime with the greater penalty occurs incidental to the commission of a more specifically intended crime which carries a lesser penalty, as when a felony murder (§ 782.04, Fla. Stat. (1983)) occurs during the perpetration, or in the attempt to perpetrate, the underlying, more specifically intended, felony. Neither the relative penalties nor the primary intent of the defendant determines the substantive relationship between two criminal offenses which is determined by their respective essential constituent elements.
The analysis of two statutory offenses for substantive sameness or difference for double jeopardy and due process purposes is properly a two step test;[6] the first step is to abstractly compare the elements of *1163 the two offenses[7] and the second step compares the factual bases for the two prosecutions.[8] However, the vague "any overt act" element of the offense of an attempt cannot, as a practical matter, be precisely compared for sameness or difference with elements of another offense. Therefore, when one offense is an attempt, meaningful analysis of the elements of the two offenses is thwarted and all that can be done is to go on to the second or factual test and determine if the facts that are being used to prove "the overt act" element in the attempt offense are the same facts that are used to prove the second offense. If both the attempt offense and the other offense are based on the same factual event, the two are, in substance, "the same offense" within the constitutional prohibition; otherwise, they are not. Here, the defendant was charged with attempted armed robbery as there was no taking of property because the victim had no purse and the defendant lost interest in taking the car keys when he learned the car was inoperative. However, the attempt to take was made by attempting to put the victim in fear in the classic manner[9]  by threatening her life with a deadly weapon, which itself constituted the aggravated assault of which the defendant was convicted, as well as "the overt act" of the attempted armed robbery conviction. It is not "possible" to attempt to commit an armed robbery by threatening to do violence with a deadly weapon to a victim if he does not part with the possession of property in his possession without at the same time by the same act also committing an aggravated assault on that victim. Therefore, the two offenses are in law and in fact indistinguishable and it cannot be demonstrated that they are not "the same offense" within the constitutional double jeopardy prohibition. The result of an analysis of an attempt and some other offense will vary with the facts as it always does when compared offenses are in legal theory the same (because each offense does not have at least one element that the other offense does not have) and the second or factual step of the analysis depends on whether the two prosecutions are based on one or two separate and distinct factual events. If facts are such that after the occurrence of the facts constituting "the overt act" in an attempt to rob, the defendant commits further acts constituting a separate assault, aggravated assault or aggravated battery, etc., then it can be found that two separate and distinct factual events exist and supports two separate and distinct offenses and authorizes two convictions.[10] On the other hand, when one completed offense is itself "the overt act" in an attempt to commit another offense, then the attempt offense includes all of the essential constituent elements of the completed facilitating offense, both offenses are in legal substance and in fact "the same offense" and constitutional double jeopardy prohibits the conviction of both of such offenses.[11] The result is that constitutional *1164 double jeopardy permits an accused to be convicted of a completed armed robbery and an aggravated assault based on a single factual event but, depending on the facts, may or may not permit conviction of an attempted armed robbery and a related aggravated assault.
This is the very essence of the recent holding by the supreme court in State v. Pinder, 375 So.2d 836 (Fla. 1979), and by this court in Snowden v. State, 449 So.2d 332 (Fla. 5th DCA 1984), rev. granted, No. 65,176 (State v. Snowden),[12] that constitutional double jeopardy prohibits the conviction of felony murder and the underlying felony upon which the felony murder charge is based. This is the proper conceptional basis for the recent holdings by the Fourth District Court of Appeal that double jeopardy prohibits the conviction of the offense of use of a firearm in the commission of a felony (§ 790.07(2), Fla. Stat. (1983)) and the underlying felony upon which the use of firearm offense is based, see Bogard v. State, 451 So.2d 484 (Fla. 4th DCA 1984); Alvarez v. State, 445 So.2d 677 (Fla. 4th DCA 1984); Jackson v. State, 436 So.2d 1101 (Fla. 4th DCA 1983). But see State v. Baker, 456 So.2d 419 (Fla. 1984); Gibson v. State, 452 So.2d 553 (Fla. 1984); and the specially concurring opinion in O'Brien v. State, 454 So.2d 675 (Fla. 5th DCA 1984).
In this case the aggravated battery charge and the aggravated assault (count II) of which the defendant was convicted and the facts which supported that conviction also constitute the factual basis for "the overt act" element of the attempted robbery with a firearm offense (count I) of which the defendant was also convicted. Thus the defendant was twice put in jeopardy and convicted for what was in this case, in substance and in constitutional contemplation, "the same offense" and one of those two convictions should be reversed. On this point Torrence v. State, 440 So.2d 392 (Fla. 5th DCA 1983), might appear to be in point but it is not. Torrence presented the question of whether the allegation that the defendant "carried" a firearm in a count alleging an attempted armed robbery was a sufficient allegation to charge that the defendant "used" a deadly weapon to make an assault, so as to give the defendant "due process" notice of the essential constituent elements of the offense of aggravated assault (§ 784.021, Fla. Stat. (1983)) of which Torrence was convicted as a lesser included offense of the alleged attempted armed robbery count. Here, as to the allegations relating to the attempted armed robbery charge (count I) and the aggravated battery charge (count II), there is no due process issue because each offense is adequately alleged in a separate count and only the double jeopardy question is involved as to those two charged offenses.

II. CONSTITUTIONAL LAW  DUE PROCESS  CONVICTION OF OFFENSE NOT CHARGED:
Principles:
(4) The state and federal constitutions provide that in all criminal prosecutions, the accused shall enjoy the right to be informed of the nature and cause of the accusation against him[13] and that no person shall be deprived of life, liberty or property without due process of law.[14]
(5) A criminal charging document is adequate to charge, to inform the accused of the nature and cause of the accusation against him, to give due process notice of, and to place a defendant in jeopardy as to, a particular criminal offense only if the charging document *1165 alleges sufficient ultimate facts to support every essential constituent element of such offense.
(6) Conviction of a defendant of a crime with which he was not charged, and for which he was not lawfully tried, violates the constitutional requirement that an accused be informed of the accusation against him and also violates the due process clauses of the state and federal constitutions and constitutes fundamental error.
(7) A criminal charging document charging aggravated battery (§ 784.045, Fla. Stat.) does not necessarily and as a matter of law allege all facts essential to adequately charge and to give due process notice of an accusation of aggravated assault (§ 784.021, Fla. Stat.).
A due process question is presented by the conviction of Akins of aggravated assault as a necessary lesser included offense of the aggravated battery charged in count II. If the charges of aggravated battery and the aggravated assault are both based on the use of a deadly weapon (§ 784.045(1)(b) and § 784.021(1)(a)), as they are in this case, in essence the legal question is whether simple assault (§ 784.011, Fla. Stat. (1983)) is a necessary lesser included offense of simple battery (§ 784.03, Fla. Stat. (1983)). It is not. This legal point is considered in some depth in the specially concurring opinion in Savino v. State, 447 So.2d 411 (Fla. 5th DCA 1984), and need not be repeated here.
Because statutory assault (§ 784.011, Fla. Stat.) and statutory battery (§ 784.03, Fla. Stat.) (and, consequently, aggravated assault (§ 784.021, Fla. Stat.) and aggravated battery (§ 784.045, Fla. Stat.)) are substantively different acts and offenses (meaning that each such criminal offense has one or more essential constituent elements that the other offense does not have), the alleging of one such offense and the conviction of the other offense, violates constitutional due process. It is violative of constitutional due process to convict one of a crime not charged and this can be done by alleging and charging one act or crime (aggravated battery in count II in this case) and convicting of another act or crime (aggravated assault in this case) which is not charged. In addition to the cases cited in the dissent in Torrence v. State, 440 So.2d 392 (Fla. 5th DCA 1983), supporting these principles, see also Hamilton v. State, 129 Fla. 219, 176 So. 89, 112 A.L.R. 1013 (1937) (due process requires allegations of every material fact an essential element of offense charged with precision and certainty.)
The same problem is involved with the defendant's conviction of trespass while armed (§ 810.08(2)(c)) under the charge in count three of burglary of a conveyance with an assault therein (§ 810.02(2)(a)) in that an essential constituent element of the offense of trespass while armed (§ 810.08(2)(c)) is that the offender is armed with a firearm or other dangerous weapon, or arms himself with such while committing a trespass in a structure or conveyance, and the charge in count three totally fails to contain any allegation that the defendant was armed with a firearm or other dangerous weapon. Trespass while armed (§ 810.08(2)(c)) is not a necessarily lesser included offense of burglary with an assault (§ 810.02(2)(a)) and count three did not contain the additional allegation necessary to make it a permissive included offense of the offense alleged in that count. Therefore, as to count three the defendant was also convicted of an offense not charged and his constitutional due process rights thereby violated.

III. CONSTITUTIONAL LAW  VIOLATION OF DOUBLE JEOPARDY AND DUE PROCESS  FUNDAMENTAL ERROR:
Principles:
(8) Criminal convictions subject to fundamental error resulting from violation of basic constitutional double jeopardy or due process rights are per se harmful and reversible without any showing of prejudice, in the absence of an effective waiver.
(9) A waiver of a basic constitutional right, or of the fundamental error resulting *1166 from its violation, must be made knowingly, intentionally and intelligently, and cannot be implied from ignorance, silence, inadvertence, or inaction.
(10) Fundamental errors are not subject to contemporaneous objection rules or harmless error statutes and are subject to correction at any time, on direct appeal, by post-conviction proceedings or by extraordinary remedy.
The prohibition against double jeopardy and the guarantee of due process are constitutional rights of the highest order. Of course, most, if not all, constitutional rights, including the right against double jeopardy and due process, may be waived. However, to be valid, waivers of fundamental constitutional rights, and of errors resulting from their violations, must be made knowingly (with specific knowledge of the right or its violation), intentionally (purposefully and by affirmative action) and intelligently (with the aid and advice of competent, effective counsel) and cannot be merely implied from ignorance, silence, inaction or inadvertence. In addition to the cases cited in the dissent in Torrence v. State, supra, supporting this proposition, see the dissent in W.J.W. v. State, 446 So.2d 248, (Fla. 5th DCA 1984). See also Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938) (standard for determining validity of waiver of fundamental constitutional right is whether there is record showing of intentional and intelligent relinquishment or abandonment of that right); Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) (defense guilty plea constitutes waiver of several fundamental constitutional rights, including privilege against compulsory selfincrimination, right to trial by jury and right to confront one's accusers, record must show that the defendant entered his plea of guilty voluntarily and with understanding); Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) (waiver of right to counsel must be knowingly and intelligently made). See also United States v. Brown, 569 F.2d 236 (5th Cir.1978) (a valid waiver requires an intentional relinquishment of a known right); Mitchell v. State, 407 So.2d 1005 (Fla. 5th DCA 1981). As to waiver of right to jury trial, see, e.g., Patton v. United States, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed.2d 854 (1930), overruled on other grounds, Williams v. Florida, 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970); Powers v. State, 370 So.2d 854 (Fla. 3d DCA 1979); Fla.R.Crim.P. 3.260. For the procedure necessary to waive the defendant's constitutional right to a jury instruction as to lesser included offenses in capital cases, see Harris v. State, 438 So.2d 787 (Fla. 1983). A conviction for a violation of a statute which is constitutionally invalid on its face is fundamental error, Trushin v. State, 425 So.2d 1126 (Fla. 1983), even when raised on appeal following a nolo contendere plea. Alexander v. State, 450 So.2d 1212 (Fla. 4th DCA 1984).
Many provisions of criminal rules, in effect bestow procedural rights not given by the constitution or statutes or enlarge upon such substantive rights. Other provisions of criminal procedure rules merely implement or effectuate substantive rights given by constitution or statute. There is a great difference between these types of rules which is often ignored. A violation of a pure rule right does not constitute fundamental error and is not reversible error per se and is subject to the harmless error statute (§§ 59.041 and 924.33, Fla. Stat. (1981)) and to the contemporaneous objection rule (which is itself usually merely a rule provision, see, e.g., Fla.R.Crim.P. 3.390(d)) and waivers implied for failure to object to violations, or non-applications of, rule rights. However, because purely rule rights are subject to these doctrines of implied waiver and harmless error does not mean that those doctrines are applicable to organic rights guaranteed by federal and state constitutions which may be merely implemented or supplemented by rule rights. Rights guaranteed by constitutions can be enlarged by rights given by rules but such constitutional rights may not be limited by court adopted rules. This difference has been recognized as to some rights, such as rule rights relating to speedy trials,[15] *1167 but its significance has sometimes been overlooked as to other constitutional rights, such as those relating to due process [16] and double jeopardy.[17] If not effectively waived violations of fundamental constitutional rights are subject to correction at any time whether on direct review by appeal, by post-conviction relief or in habeas corpus proceedings.[18] In many cases where relief from violations of such constitutional rights have been denied on direct appeal relief has been ultimately given in other proceedings on other grounds.[19]
Garcia v. State, 444 So.2d 969 (Fla. 5th DCA 1983); Drakes v. State, 400 So.2d 487 (Fla. 5th DCA 1981), rev. den., 411 So.2d 381 (Fla. 1981); Chapman v. State, 389 So.2d 1065 (Fla. 5th DCA 1980), explicitly hold that violations of constitutional double jeopardy rights do not constitute fundamental error which can be raised for the first time on appeal. Those holdings and the cases upon which they are based are in error. Actually the three cases from this court are contrary to three other cases in which this court has implicitly held to the contrary and granted relief from double jeopardy violations where such violations were raised for the first time on appeal. See, e.g., Vela v. State, 450 So.2d 305 (Fla. 5th DCA 1984); Muszynski v. State, 392 So.2d 63 (Fla. 5th DCA 1981) and Goss v. State, 398 So.2d 998 (Fla. 5th DCA 1981). That Muszynski involves a double jeopardy violation and its correction as fundamental error although not raised in the trial court is obvious from close study. See McGee v. State, 438 So.2d 127 (Fla. 1st DCA 1983). The First District Court of Appeal has recently held a double jeopardy violation to be fundamental error. Solomon v. State, 442 So.2d 1030 (Fla. 1st DCA 1983). Other cases have impliedly held the same way by granting relief from double jeopardy violations, see, e.g., Brown v. State, 452 So.2d 605 (Fla. 2d DCA 1984). This court should expressly recede from Chapman, Drakes and Garcia and embrace the correct principles of constitutional law and fundamental error that underlie Vela, Goss and Muszynski.

SUMMARY
Akins' conviction of attempted armed robbery should be affirmed but his conviction of aggravated assault under the charge of aggravated battery in count two and of trespass while armed under the charge of burglary of a conveyance with an assault should be reversed as fundamental errors resulting from the violation of both constitutional double jeopardy and due process rights. This court should not dispose of the serious constitutional issues in this case by a PCA which under Article V, Sec. 3(b)(3), is effective to deny a defendant's right to have the supreme court exercise jurisdiction to review a decision of this court that conflicts with decisions of another district court of appeal or of the supreme court on the same point of law.
NOTES
[1] Art. 1, § 9, Fla. Const.; See Bean v. State, No. 84-153 (Fla. 5th DCA September 28, 1984) [9 FLW 2082].
[2] U.S. Const. amend. V.
[3] State v. Baker, 456 So.2d 419 (Fla. 1984); Bell v. State, 437 So.2d 1057 (Fla. 1983). See generally, the dissents in Baker v. State, 425 So.2d 36 (Fla. 5th DCA 1982); Rodriquez v. State, 443 So.2d 236 (Fla. 5th DCA 1983), rev. granted, No. 64,775 (State v. Rodriquez), and O'Hara v. State, 448 So.2d 524 (Fla. 5th DCA 1984), rev. granted, No. 65,116 (State v. O'Hara).
[4] See State v. Baker, 456 So.2d 419 (Fla. 1984).
[5] Similarly the absence of an intent to commit a sexual battery is not a negative "element" of a lewd assault on a child (§ 800.04, Fla. Stat.) and the absence of an intent to kill is not a negative "element" of an aggravated assault with a deadly weapon (§ 784.021(1)(a), Fla. Stat.), which the State is required to prove but merely serves to distinguish those offenses from other, more serious, offenses.
[6] See the dissent in Rodriquez v. State, 443 So.2d 236 (Fla. 5th DCA 1983), rev. granted, No. 64,775 (State v. Rodriquez), at 241 ¶ 2 "Analysis of the Elements of Two Statutory Offenses to Determine Substantive Difference or Sameness", and at 242 ¶ 3 "Analysis to Determine if there is a Different Factual Basis for Two Prosecutions for `The Same Offense'". See also the dissent in Baker v. State, 425 So.2d 36 (Fla. 5th DCA 1983), at 42 and 44.
[7] See Bell v. State, 437 So.2d 1057 (Fla. 1983); Borges v. State, 415 So.2d 1265 (Fla. 1982).
[8] See, e.g., Brown v. State, 430 So.2d 446 (Fla. 1983); Holmes v. State, 453 So.2d 533 (Fla. 5th DCA 1984).
[9] The threat of the early day English highway robber was succinct: "Your money or your life!"
[10] Cf. Royal and Ellison v. State, 452 So.2d 1098 (Fla. 5th DCA 1984).
[11] The analytical problem of comparing an attempted armed robbery with an aggravated assault must be contrasted with the problem of comparing a completed armed robbery with an aggravated assault. The elements of a completed robbery and completed armed robbery are much more distinct than "the overt act" element of an attempt and permit a resolution and differentiation of the offenses at the first step comparison of the essential constituent elements of the offenses, which is not possible when one offense is an attempt. For example, aggravated assault is substantively different from, and is, therefore, not a necessarily lesser included offense of a completed armed robbery because aggravated assault requires that the assault be made with a deadly weapon (an aggravated battery requires the battery to be made by using a deadly weapon) whereas, armed robbery merely requires that the defendant have carried the deadly weapon. See State v. Baker, 452 So.2d 927 (Fla. 1984); Vitko v. State, 363 So.2d 42 (Fla. 2d DCA 1978); Owens v. State, 444 So.2d 951 (Fla. 2d DCA 1984). Cf. Torrence v. State, 440 So.2d 392 (Fla. 5th DCA 1983), but note that the charge in Torrence was attempted robbery and the issue was due process, not double jeopardy.
[12] See also Hayes v. State, 368 So.2d 374 (Fla. 4th DCA 1979), and Mays v. State, 450 So.2d 299 (Fla. 3d DCA 1984).
[13] U.S. Const. amend. VI; Art. I, § 16, Fla. Const.
[14] U.S. Const. amend. V; Art. I, § 9, Fla. Const.
[15] See, e.g., Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); Butterworth v. Fluellen, 389 So.2d 968 (Fla. 1980); Fulk v. State, 417 So.2d 1121 (Fla. 5th DCA 1982); State v. Moss, 395 So.2d 561 (Fla. 5th DCA 1981).
[16] See, e.g., West v. State, 149 Fla. 436, 6 So.2d 7 (1942); Torrence v. State, 440 So.2d 392 (Fla. 5th DCA 1983); Wilson v. State, 383 So.2d 670 (Fla. 5th DCA 1980); Carter v. State, 380 So.2d 541 (Fla. 5th DCA 1980), cert. den., 388 So.2d 1110 (Fla. 1980).
[17] See, e.g., Garcia v. State, 444 So.2d 969 (Fla. 5th DCA 1983); Drakes v. State, 400 So.2d 487 (Fla. 5th DCA 1981); Chapman v. State, 389 So.2d 1065 (Fla. 5th DCA 1980); Bell v. State, 262 So.2d 244 (Fla. 4th DCA 1972).
[18] See, e.g., Gibbs v. Mayo, 81 So.2d 739 (Fla. 1955); State v. Whisnant, 80 So.2d 611 (Fla. 1955).
[19] See, e.g., Chapman v. State, 442 So.2d 1024 (Fla. 5th DCA 1983); Wilson v. Eastmoore, 419 So.2d 673 (Fla. 5th DCA 1982).