472 So.2d 734 (1985)
Major VANCE, Petitioner,
v.
The STATE of Florida, Respondent.
No. 65766.
Supreme Court of Florida.
July 3, 1985.
Bennett H. Brummer, Public Defender and Beth C. Weitzner, Asst. Public Defender, Eleventh Judicial Circuit, Miami, for petitioner.
Jim Smith, Atty. Gen. and Calvin L. Fox, Asst. Atty. Gen., Miami, for respondent.
SHAW, Justice.
We have before us a petition to review Vance v. State, 452 So.2d 994 (Fla. 3d DCA 1984), which is in express and direct conflict with Solomon v. State, 442 So.2d 1030 (Fla. 1st DCA 1983).
Testimony at trial established that on July 13, 1982, Catherine Jackson paid petitioner in advance to deliver top soil to her yard and do some yard work. Dissatisfied with the quality of the soil he delivered, she went to petitioner's trailer with her nephew, Michael Fleming. When petitioner came to the door, Jackson told him she wanted her money back right then or she would file suit against him. Petitioner lifted his shirt, pulled out a gun, and ordered Jackson and Fleming to leave. At trial there was testimony from both Jackson and Fleming that petitioner pointed the gun at them.
Petitioner was charged with two counts of aggravated assault with a deadly weapon. Defense counsel requested instructions on the lesser included offense of improper exhibition of a dangerous weapon under section 790.10, Florida Statutes (1981), which provides:
790.10 Improper exhibition of dangerous weapons or firearms.  If any person having or carrying any dirk, sword, sword cane, firearm, electric weapon or device, or other weapon shall, in the presence of one or more persons, exhibit the same in a rude, careless, angry, or threatening manner, not in necessary self-defense, the person so offending shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. (Emphasis supplied.)
The jury returned guilty verdicts on each count for the lesser included offense of improper exhibition of a dangerous weapon, and the trial court imposed sentences for each conviction.
On appeal, petitioner relied on Solomon to argue that the separate convictions and sentences were impermissible, as section 790.10 obviously contemplates the act of exhibiting a firearm in the presence of two persons. The district court refused to reach the issue, finding the defendant estopped *735 to complain because he had requested the instructions that were given. The district court disagreed with Solomon "[i]nsofar as [it] finds the error of separate convictions under Section 790.10 fundamental... ." Vance, 452 So.2d at 995-96 n. 1.
The district court did not have the benefit of our decision in Troedel v. State, 462 So.2d 392, 399 (Fla. 1984), wherein we held that "a conviction imposed upon a crime totally unsupported by evidence constitutes fundamental error." Under Troedel we reach the issue presented on its merits. Section 790.10 by its express wording proscribes the act of exhibiting the weapon in the presence of one or more persons. We approve the interpretation of section 790.10 in Solomon that precludes multiple convictions for a single act of exhibition. The facts in the present case are similar to those in Solomon, and we hold that petitioner's exhibition of the firearm in the presence of two persons at the door of his trailer violated the statute only one time. A second conviction is therefore totally unsupported by evidence.
We quash the decision of the district court and remand with directions to reverse one of petitioner's convictions.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, ALDERMAN, McDONALD and EHRLICH, JJ., concur.