## HAGGERTY v. CITY OF POMPANO BEACH
### Case No. 84-0050AC
Seventeenth Judicial Circuit, Broward County

September 26, 1985

### APPEARANCES OF COUNSEL

**Phillip J. Montante** for appellee.

**Braverman & Holmes** for appellant.

### OPINION OF THE COURT

MARK A. SPEISER, Circuit Judge.

On March 23, 1983, the city of Pompano Beach, Florida, the Appellee, charged Timothy Haggerty, the Appellant, with violating Municipal Ordinance Number 100.35 by building a mailbox on a city right of way. The judicial proceedings were initiated by the filing of a municipal information and the case was assigned to County Court Judge Ross Mowry.

On June 1, 1983, a nonjury trial was held before Judge Mowry, who after the city presented its case and rested, granted the Appellant's motion to dismiss the Information "without prejudice" on the basis of selective enforcement. The City appealed Judge Mowry's Order dated June 1, 1983, to Circuit Court Judge Thomas Coker, sitting in an

appellate capacity. On April 9, 1984, Judge Coker entered an Order, reversing Judge Mowry, holding that the City did not engage in the selective enforcement of its ordinance.

Upon remand, the trial of this case was conducted before County Court Judge June Johnson on June 8, 1984. At the conclusion of this nonjury trial, Judge Johnson adjudged the Appellant to be guilty of violating the municipal ordinance, and ordered the Appellant to remove the mailbox by August 3, 1984.

On June 26, 1984, Appellant's present counsel filed an appearance, replacing preceding counsel, and moved thereafter on August 3, 1984, to dismiss the municipal information on the grounds of double jeopardy. The motion was premised on the content that Judge Mowry's dismissal of the charges upon the Appellant's motion at the conclusion of the City's case was tantamount to an acquittal thereby precluding the City from filing an appeal thereof or renewing prosecution of the identical claim before Judge Johnson. The trial court denied this motion on the basis of its untimeliness. Both parties stipulate that the double jeopardy argument was never raised during the appeal of Judge Mowry's Order before Judge Coker nor before or during the trial presided over by Judge Johnson.

The instant litigation was apparently attributable to a controversy over a very unusually designed, rather ornate mailbox built by the Defendant and placed on the swail, that is the grass located between the sidewalk in front of his home and the roadway. The uniqueness of this imposing structure, approximately twenty (20) feet high, the Appellant claims ignited the City to pursue its removal. The City on the other hand argues that the uniqueness of the mailbox coupled with its location obstructed the public right of way and loomed as a hazard and a potential source of danger to the traveling public.

## OPINION

### Point I

Appellant contends that violation of Pompano Beach Municipal Ordinance Number 100.35 under which he was prosecuted although concededly not a misdemeanor or felony is nevertheless a punishable offense under Pompano Beach Municipal Ordinance No. 10.99 for which a jail sentence of up to 90 days and/or fine not exceeding $500 can be imposed. Thus Appellant claims that Judge Mowry's dismissal of the case on evidentiary grounds after the city rested was tantamount to an acquittal, thereby barring, under double jeopardy principles, the City of the right to initiate an appeal of the dismissal order as well as the ability to institute a second trial.

The City on the other hand, asserts that, Judge Mowry's dismissal was not the equivalent of an evidentiary directed judgment of acquittal, but rather a dismissal entered upon a basis unrelated to the Appellant's guilt or innocence. Under these circumstances the City contends the decision of *United States v. Scott*, 437 U.S. 98 (1978) dictates that the double jeopardy clause is not offended by an appeal of the dismissal or a second succeeding trial.

The pivotal question to be addressed therefore is whether Judge Mowry's ruling ending the proceedings during the first trial was a dismissal terminating the trial before any determination of factual guilt or innocence or, on the other hand, an acquittal representing a resolution of the factual sufficiency of the City's case.

In a bench trial, as was conducted before Judge Mowry, jeopardy attaches once the Court began to hear evidence. *Serfass v. United States*, 420 U.S. 377 (1975), *Vazquey v. State*, 427 So.2d 1125 (Fla. 5th DCA 1983). The double jeopardy clause of the Fifth Amendment, as applied to the States through the Fourteenth Amendment however, is inapplicable to proceedings that are not essentially criminal. *Price v. Georgia*, 398 U.S. 323 (1970). Although there is no dispute that Judge Mowry began to take evidence before entering his dismissal, an initial point of disagreement between the parties is whether the instant violation of the Pompano Beach Municipal Ordinance can be perceived as having the risks associated with criminal prosecutions.

As previously observed, Ordinance 10.99 provides for a period of incarceration of up to 90 days and a fine not exceeding $500. Although the City may have only been seeking removal of the mailbox the potential risk of jail time and a fine nevertheless loomed present. Significant in this regard is *Breed v. Jones*, 421 U.S. 519 (1975) which noted that although the constitutional language of the double jeopardy clause suggests proceedings in which the most serious penalties can be imposed, the clause has long been construed to mean something far broader than its literal language. Moreover as the majority in *Price supra*, p. 329, held the fact that the severity of the sanction, as in this case, comparatively speaking, is not extremely harsh, is itself uncontrolling in determining the applicability of the double jeopardy clause since that provision is written in terms of the potential or risk of *trial* and *conviction* not punishment.

This Court must also attach more than passing lip service to the United States Supreme Court decision of *Robinson v. Neil*, 409 U.S. 505 (1973) establishing that this constitutional right applies to those charged with an offense against a city ordinance. In *Robinson*, the

Court held a person convicted and fined for violating a municipal ordinance could not thereafter be prosecuted by the state out the same circumstances. Thus the label attached to the nature of the proceeding is irrelevant where there is little to distinguish the true character and the potential consequences of the trial from a traditional criminal prosecution.

Having preliminarily determined that double jeopardy may be applicable to litigation in the nature of a municipal ordinance prosecution, the crucial issue to resolve rests upon the decision whether Judge Mowry's ruling is construed as a dismissal or an acquittal. Several threshold principles must be considered. Initially, the trial judge's *characterization* of his own action cannot control the true classification of the action. *United States v. Jorn*, 400 U.S. 470 (1971). In the instant case Judge Mowry characterized the termination of the proceedings as the granting of a motion to dismiss with prejudice. The transcript below reflects it was entered after the city rested its case and that the dismissal order was premised on the grounds of selective enforcement (R. 341).

Furthermore the *correctness* of Judge Mowry's ruling in favor of the Appellant can not be second-guessed and more importantly is totally irrelevant to the analysis of whether double jeopardy bars an appeal and/or reprosecution. *United States v. Martin Linen Supply Co.,* 430 U.S. 564 (1977). Thus the propriety of the decision entered is of no consequence to the issue *sub judice* and may be overlooked.

The critical question to be resolved according to *Scott* is whether Judge Mowry's ruling was *actually* a resolution in the Appellant's favor of some or all of the factual elements of the prosecution in which event the double jeopardy argument would appear to be meritorious. The *Scott* decision and *Lee v. United States*, 432 U.S. 23 (1977) which discussed the applicability of jeopardy to a trial court's dismissal of the government's charges shed considerable light on the analysis that must be undertaken.

In *Lee,* after the prosecutor's opening statement in a nonjury trial, defense counsel moved for the first time to dismiss the information on the grounds that the charging document did not allege certain required statutory elements. The judge reserved ruling without objection being made by the defendant, the government presented its case, thereafter rested, and defense counsel based on an insufficiency of the evidence argument moved for a judgment of acquittal which the judge denied. The defendant then rested without putting on any evidence. The judge then returned to defendant's initial dismissal motion and granted the

122

same, noting nevertheless that sufficient evidence was adduced to prove the defendant's guilt. The defendant was subsequently retried and convicted on a new refiled information containing all the requisite statutory allegations.

The lessons to be learned from the Supreme Court in *Lee* are several. Initially, where a midtrial dismissal is ordered on factual grounds, correct or incorrect, that the defendant simply cannot be convicted of the offense charged, further prosecution is barred by double jeopardy. However, the *Lee* panel also held that if the order entered midtrial is functionally indistinguishable from a declaration of mistrial, jeopardy would not attach and a retrial would be permissible. Furthermore, a mistrial or dismissal motion which is granted for nonfactual reasons would also run afoul of the double jeopardy barrier, only if the prosecutorial error that precipitated a defendant's motion was intended to provoke that motion or was otherwise prompted by prosecutorial bad faith or undertaken to harass or prejudice the defendant.

The factual senario of *Scott* involved a multicount indictment which the defendant sought to have dismissed both before and during trial on grounds of preindictment delay. At the conclusion of all the evidence, the trial court dismissed one count for the reason asserted by the defendant. The issue considered by the Supreme Court concerned the government's right to appeal and seek reprosecution of the dismissed count in light of the double jeopardy clause.

In an historical review of preceding Supreme Court Decisions (prior to *Lee*) considering the applicability of the jeopardy clause, the Court unequivocally noted that unwarranted emphasis had been given to the defendant's right to have his guilt decided in the first trial. This approach, the Court observed, failed to distinguish those cases *where a defendant himself seeks to terminate the trial before verdict on grounds unrelated to factual guilt or innocence.* The *Scott* panel went further than it did in *Lee* rendered in its preceding term. In *Lee* as discussed above, the Court held that the government could reprosecute the defendant following a midtrial dismissal of an indictment because, as the Court concluded, the circumstances in *Lee* were functionally indistinguishable from a declaration of mistrial.

In *Scott* where the dismissal was based upon preindictment delay, the Court painstakingly detailed and emphasized that this situation represented a deliberate election by the defendant to have his trial terminated on grounds unrelated to factual guilt or innocence. Under these circumstances, where the defendant asserts *a legal claim* that the

123

case against him must fail even though the government might satisfy the trier of fact that he was guilty, the Court concluded the defendant would suffer no injury under the double jeopardy clause if the government can appeal the trial court's ruling since the public has an equal valued right to one completed opportunity to convict those accused of violating its laws.

In the instant case, dismissal of the prosecution occurred after the City concluded its case (two witnesses and two exhibits). The colloquy between defense counsel and Judge Mowry that led to this result is quite terse and evidenced by a mere five lines in the trial transcript:

| | |
|---|---|
| Mr. Montante: | State rests |
| Mr. Dunkin: | Judge I would like you to dismiss this case |
| The Court: | I am going to find it without prejudice on the ground that it is selective enforcement (R. 341) |

The trial court's conclusion was apparently premised on evidence adduced during the cross-examination of Pompano Beach City Engineer Robert Lawsen that no other citations for allegedly identical violations of Pompano Beach Ordinance 100.35 had been issued to persons owning mailboxes similarly situated to Appellant (R. 336, 330-339).

This Court does not view the instant mistrial dismissal as the functional equivalent of a mistrial motion as was the situation in *Lee*. Appellant asserts that the basis of Judge Mowry's dismissal was tantamount to an acquittal which *Scott* contemplated would occur where factual defenses such as insanity or entrapment, unrebutted by the government, justify termination of a case by a court, even though the government would otherwise be entitled to have its case submitted to the jury.

This Court considers Appellant's argument to possess considerable merit. Selective enforcement, the basis for Judge Mowry's dismissal suggests to this Court a factual determination was made by him that Appellant's equal protection rights have been violated. In the landmark case of *Yick Wo v. Hopkins*, 118 U.S. 356, 373 (1886) the Supreme Court held that

Though the law itself be fair on its face, and impartial in appearance, yet, if applied and administered by public authority with an evil eye and unequal hand, so as practically to make unjust and illegal discrimination between persons in similar circumstances, material to their rights, the denial of equal justice is still within the prohibition of the constitution.

124

See also *Richey v. Wells*, 166 So. 817 (1936). The record in this case supports the apparent conclusion of the trial judge that the pertinent Pompano Beach Municipal Ordinance was discriminatively administered to the Appellant.

It is furthermore clear to this Court that the *Yick Wo* principle is a valid defense to a criminal prosecution *Tollett v. Laman*, 497 F.2d 1231 (8th Cir. 1974) as well as a civil proceeding assuming *arguendo* this litigation be characterized as civil in nature. *Milnot Company v. Arkansas State Board of Health*, 388 F.Supp. 901 (E.D. Ark. 1975). Thus even though the Appellant may have indeed committed all the elements precluded by the ordinance, other facts, namely a finding by Judge Mowry of an equal protection violation provided a legally adequate justification for otherwise proscribed conduct. *Scott supra* p. 2197, *Guillory v. County of Orange*, 731 F.2d 1378, 1383 (9th Cir. 1984).

The fact that Judge Mowry indicated that his Order was entered "without prejudice" would not alter this Court's conclusion that he made a factual finding relating to Appellant's guilt or innocence, thus barring under double jeopardy an appeal or successive prosecution. *Scott supra* p. 2194 specifically held that the trial judge's contemplation that there may be a new trial is inconclusive on the issue of double jeopardy. *Watson v. State*, 410 So.2d 207 (Fla. 1st DCA 1982).

The final hurdle that must be confronted is whether, if as this Court has determined, double jeopardy can bar an appeal and reprosecution, that defense has been waived by Appellant's failure to raise this issue before Judge Coker on the city's appeal of Judge Mowry's Order, or before Judge Johnson on remand, before, or during the trial. Several decisions namely, *Garcia v. State*, 444 So.2d 969 (Fla. 5th DCA 1983), *Chapman v. State*, 389 So.2d 1065 (1980) and *Bell v. State*, 262 So.2d 244 (Fla. 4th DCA 1972) have held a double jeopardy defense can be waived. These cases however were premised on the contemporaneous objection rule and harmless error statutes.

Double jeopardy constitutes fundamental error. *Williams v. State*, 397 So.2d 438 (Fla. 3rd DCA 1981). In receding from and expressly overruling *Garcia* and *Chapman*, which cases had relied on *Bell* as authority, the Fifth District Court of Appeals in *Johnson v. State*, 9 FLW 2608 (December 21, 1984, 5th DCA) in a detailed well-reasoned opinion held that double jeopardy rights are so fundamental they can be corrected without a showing of prejudice and are not subject to either the harmless error statute or contemporaneous objection rule. That Court held that failure of defense counsel to preserve such a

125

fundamental issue may be presented and addressed for the first time on appeal or collaterally attacked in a Rule 3.850 context. This Court concurs with the Fifth District's conclusion that when a double jeopardy violation occurs, inaction, inadvertent or otherwise by defense counsel, can not be inferred to be an intentional relinquishment of a known and vital right by the defendant.

In conclusion, this Court on the instant point of appeal would reverse Judge Johnson's denial of the Appellant's Motion to Dismiss on double jeopardy grounds for the reasons noted in the foregoing opinion and order that the prosecution by the City of the instant action is hereby barred.

*Point II*

The Appellant as an independent ground for reversal asserts that assuming *arguendo* the City possessed the statutory right to appeal [the latter premise not conceded by the Appellant in light of an Attorney General Opinion contained in 72 Fla. Att. Gen. Op. o. 88 (3-22-72) but an issue which this Court deems unnecessary to address and mooted by this decision], the appellate court which reversed Judge Mowry, namely Circuit Court Judge Coker lacked jurisdiction of the subject matter and of the parties to the appeal.

This argument is premised on the authority of Fla.R.App. P. 9.140(c)(2) which requires that the State has fifteen (15) days from the entry of an appealable order to file its Notice of Appeal. Judge Mowry's Order was filed on June 1, 1983 and the City did not file its Notice of Appeal until June 20, 1983. The City counters that Fla.R.App.P. 9.420(d) provides that an additional five (5) days shall be added to the prescribed period for service of a document, if the document is served by mail. The City's construction of Rule 9.420(d) however is clearly erroneous and misconstrues the intendment of that Rule.

In *Bouchard v. State of Florida*, 448 So.2d 1126 (Fla. 2d DCA 1984), the Court while conceding that many appellants have similarly misperceived the true construction of Rule 9.420(d), unequivocally held that the extra five days alluded to in that Rule did not provide for an additional five (5) days to file notices of appeal. On the contrary the additional five (5) days is provided only when some act is required to be done *after service* of a document has been made by mail within the prescribed, fifteen (15) days period. In accord is *Speed v. Florida Department of Legal Affairs*, 387 So.2d 459 (Fla. 1st DCA 1980).

The failure of the City to file the Notice of Appeal within the required fifteen (15) day period constitutes an irremediable jurisdic-

tional defect. *Franchi v. Florida Department of Commerce*, 375 So.2d 1154 (Fla. 4th DCA 1979).

In view of the foregoing, reversal of the decision of Judge Johnson would be furthermore required on this separate lack of jurisdiction basis.

## Points III, IV and V

The Appellant has raised additional points of contention as a basis of seeking a reversal, of Judge Johnson's decision, namely the improper introduction of irrelevant evidence (Point III), prosecutorial misconduct (Point IV) and the incorrect ruling of the trial court on the motion for judgment of acquittal based upon the supremacy clause argument (Point V). In view of this Court's decision on Points I and II asserted by the Appellant, I deem it unnecessary to rule upon nor consider the merits of these arguments.

## Conclusion

For the reasons herein stated and upon the authorities cited, the Order of County Court Judge Johnson is hereby reversed and further proceedings on this matter are barred and the Appellant is discharged.